GEOFFREY ROTWEIN (CA SBN 58176)
LAW OFFICES OF GEOFFREY ROTWEIN
400 Montgomery Street, Second Floor
San Francisco, CA 94104
Facsimile: (415) 397-0862
Telephone: (4l5) 397-0860

Attorney for Defendant
THOMAS F. WHITE
**APPEARING SPECIALLY**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL HILARIO ALCARAZ MARTINEZ, et al,<br><br>         Plaintiffs,<br><br>vs.<br><br>THOMAS F. WHITE,<br><br>         Defendant. | No. C-06-01595 CRB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT** |

**I.**

**INTRODUCTION**

On February 28, 2006,[1] the Complaint for damages herein was filed and the Summons issued. On March 15, David Replogle, counsel for Plaintiffs, executed a "Return of Service," declaring under penalty of perjury that on March 11 he:

> Left copies of the Summons and Complaint at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:
>
> Aduana de Personas
> Centro Integral de Justicia Costa Norte
> Ixtapa, Jalisco, Mexico

(See Exhibit A attached to Declaration of Geoffrey Rotwein, ¶ 2.)

---

[1] Hereafter all dates are in calendar year 2006.

## II.

## **DECLARATION IS FALSE**

Centro Integral de Justicia Costa Norte is the Mexican jail where defendant is currently incarcerated. "Aduana de Personas" is not a person — it is the reception area of the jail. *See* Declaration of Jose Marie Ortega Ortiz. Mr. Replogle confirmed to defense counsel on March 21 that this was so, namely that Aduana de Personas is not a specific person, and despite this admission, on March 22 he refused defense counsel's request to invalidate the service in order to avoid the instant motion to quash. *See* Declaration of Geoffrey Rotwein, ¶ 3, 4.

Therefore, not only is the service defective because no *person of a suitable age and discretion*, who *resided* at the jail, was served, but most troubling, Plaintiffs' counsel knowingly and falsely signed a court form under penalty of perjury, deliberately misrepresenting facts for use in the court proceedings in this case. See Rule 4(e)(2) of the Federal Rules of Civil Procedure (hereafter Rule).

It is axiomatic that an attorney has important ethical duties with respect to communications and dealings with courts: to avoid false statements[2]; not file false documents[3]; not mislead regarding known material information[4]; and, not conceal material facts.[5]  *See* California Business and Professions Code section 6068(d) and Rules of Professional Conduct, Rule 5-200. It is clear that these rules have been violated here.

///

---

[2] *Di Sabatino* v. *State Bar*, 27 Cal.3d 159, 162 (1980) (concealment is no less egregious than overtly making false statements); *Griffis* v. *S.S. Kresge Co.*, 150 Cal.App.3d 491, 499-500 (1984); *In the Matter of Chestnut*, 4 Cal. State Bar Ct. Rptr. 166 (Review Dept. 2000).

[3] *Eschwig* v. *State Bar*, 1 Cal.3d 8, 17 (1969); *Bryan* v. *Bank of America*, 86 Cal.App.4th 185, 193 (2001); *In the Matter of Chestnut*; *In the Matter of Moriarty*, 4 Cal. State Bar Ct. Rptr. 9 (Review Dept. 1999); California Penal Code sections 127, 132-135, 137.

[4] *In the Matter of Chestnut*; *Griffis* v. *S.S.Kresge Co.*; *In the Matter of Jeffers*, 3 State Bar Ct. Rptr. 211 (Review Dept. 1994).

[5] *Rodgers* v. *State Bar*, 48 Cal.3d 300, 315 (1989); *In the Matter of Jeffers*; *Di Sabatino* v. *State Bar*; *In the Matter of Chestnut*; *In the Matter of Harney*, 3 Cal. State Bar Ct. Rptr. 266 (1995).

## III.

## SERVICE SHOULD BE QUASHED

Rule 12(b)(5) permits a party *preanswer* to move to dismiss or quash service of process on the ground of "insufficiency of service of process." Such motion must be filed within the time for defendant to respond to the Complaint. A liberal construction of Rule 4, which governs service of process, "cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process may be had." *Mid-Continent Wood Products, Inc.* v. *Harris*, 936 F.2d 297, 300 (7th Cir. 1991).

When service of process is properly challenged, the party on whose behalf service was made, here plaintiff, bears the burden to establish its validity. *Aetna Business Credit, Inc.* v. *Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). The proof of service is generally accepted as prima facie evidence of how service was effected, which can be overcome by the defendant with submission of declarations and other evidence establishing defective service, which then shifts the burden to plaintiff to submit evidence establishing either that the service was proper or that an evidentiary hearing is required to resolve disputes of fact. *See Croy* v. *Skinner*, 410 F.Supp. 117, 131 (ND GA 1976); Rule 12(d).

In this case, in order to overcome quashing the service, Mr. Replogle must both deny that Aduana de Personas is *not* a person who resides at the jail and that he admitted to defense counsel that he knew this, and then establish through admissible evidence that such a person in fact exists, is of suitable age and discretion and *does* reside at the jail. It is submitted that Plaintiffs can do neither, thus they cannot meet their ultimate burden in this matter, and therefore the motion should be granted and service quashed.

Moreover, service is insufficient as not complying with Rule 4(f) regarding service on individuals in foreign countries.

## IV.

## CONCLUSION

Based on the above and the supporting materials, Defendant requests that the motion be granted and the *alleged* service on March 11 of Summons and Complaint on him be

1 | quashed.

2 | DATED: March 31, 2006        Respectfully submitted:

3 | /s/ Geoffrey Rotwein
GEOFFREY ROTWEIN
4 | Attorney for Defendant
THOMAS F. WHITE
5 | **SPECIALLY APPEARING**

**MEMORANDUM OF POINTS AND AUTHORITIES**
**RE MOTION TO QUASH SERVICE**
No. C-06-01595 CRB                -4-