1  GEOFFREY ROTWEIN (CA SBN 58176)
   LAW OFFICES OF GEOFFREY ROTWEIN
2  400 Montgomery Street, Second Floor
   San Francisco, CA  94104
3  Facsimile: (415) 397-0862
   Telephone: (4l5) 397-0860
4
   Attorney for Defendant
5  THOMAS F. WHITE
   **APPEARING SPECIALLY**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL HILARIO ALCARAZ MARTINEZ, et al, | No. C-06-01595 CRB |
| Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT** |
| vs. | |
| THOMAS F. WHITE, | DATE: June 6, 2006 |
| | TIME: 10:00 a.m. |
| Defendant. | CTRM: 8, 19th Floor |
| | Hon. Charles R. Breyer |

### I.

### INTRODUCTION

On February 28, 2006,[1] the Complaint for damages herein was filed and the Summons issued. On April 28, David Replogle, counsel for Plaintiffs, executed and filed a "Supplemental Certificate of Service of Summons and Complaint," alleging proper service on defendant Thomas White on April 12.

### II.

### DEFECTIVE SERVICE

Mr. Replogle states that he "caused" service on Defendant by sending the Summons and Complaint via DHL Express to Defendant in jail where he is incarcerated, and that "[a]ccording to the DHL tracking information, the package was delivered in accordance with

---

[1] Hereafter all dates are in calendar year 2006.

MEMORANDUM OF POINTS AND AUTHORITIES
RE MOTION TO QUASH SERVICE
No. C-06-01595 CRB                              -1-

the above instructions on April 12, 2006." Replogle Dec., ¶ 4, p. 2.

Plaintiffs apparently are relying on Rule 4(f)(2)(C)(ii) of the Federal Rules of Civil Procedure for service, but they fail to show compliance with this Section.

1. Subdivision (f)(2) is proper only "if there is no internationally agreed means of service or the applicable international agreement allows other means of service, ... ." Plaintiffs fail to satisfy this requirement.

2. Subdivision (f)(2)(C) is proper only where the manner of service is *not* prohibited by Mexican law. Plaintiffs fail to establish that the proffered delivery by DHL is not prohibited, namely that it is permitted by Mexican law.

3. Subdivision (f)(2)(C)(ii) requires that the Summons and Complaint be mailed by the "clerk of the court to the party to be served; ... ." The Clerk of the Court did not mail the Summons and Complaint to Defendant. Mr. Replogle's statement that he "caused" delivery by DHL does not comply with the rules on service.

4. Subdivision (f)(2)(C)(ii) requires a signed receipt, but none has been provided.

5. Mr. Replogle's hearsay statement about the DHL tracking information, which is also hearsay, is inadmissible, not sufficient and fails to establish that Defendant was personally served and signed the receipt.

### III.

### SERVICE SHOULD BE QUASHED

Rule 12(b)(5) permits a party *preanswer* to move to dismiss or quash service of process on the ground of "insufficiency of service of process." Such motion must be filed within the time for defendant to respond to the Complaint. A liberal construction of Rule 4, which governs service of process, "cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process may be had." *Mid-Continent Wood Products, Inc.* v. *Harris*, 936 F.2d 297, 300 (7th Cir. 1991).

When service of process is properly challenged, the party on whose behalf service was made, here Plaintiffs, bear the burden to establish its validity. *Aetna Business Credit, Inc.* v. *Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). The proof of

MEMORANDUM OF POINTS AND AUTHORITIES
RE MOTION TO QUASH SERVICE
No. C-06-01595 CRB                    -2-

1 service is generally accepted as prima facie evidence of how service was effected, which can
2 be overcome by the defendant with submission of declarations and other evidence establishing
3 defective service, which then shifts the burden to plaintiff to submit evidence establishing
4 either that the service was proper or that an evidentiary hearing is required to resolve disputes
5 of fact. *See Croy* v. *Skinner*, 410 F.Supp. 117, 131 (ND GA 1976); Rule 12(d).

## IV.
## CONCLUSION

Apparently Plaintiffs now concede that Mr. Replogle's previous declaration of service is false, which means that Defendant's first motion to quash should be granted. These problems with service clearly illustrate why this case should be in Mexico, not this Court, which will be the subject of a motion to dismiss for forum non conveniens if Plaintiffs ever secure proper service.

Based on the above and the supporting materials, Defendant requests that the motion be granted and the *alleged* service on April 12, 2006, of Summons and Complaint on him be quashed.

DATED: April 28, 2006             Respectfully submitted:

/s/ Geoffrey Rotwein
GEOFFREY ROTWEIN
Attorney for Defendant
THOMAS F. WHITE
**SPECIALLY APPEARING**

MEMORANDUM OF POINTS AND AUTHORITIES
RE MOTION TO QUASH SERVICE
No. C-06-01595 CRB                -3-