IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL HILARIO ALCARAZ MARTINEZ, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>THOMAS F WHITE,<br><br>    Defendant.<br>_____/ | No. C 06-01595 CRB<br><br>**ORDER GRANTING MOTION TO QUASH** |

This action arises under the Protection of Children Against Sexual Exploitation Act of 1977, 18 U.S.C. section 2251 and the White Slave Traffic Act, 18 U.S.C. section 2421. Plaintiffs are citizens of Mexico and defendant Thomas White, a United States citizen, is currently incarcerated in Mexico. Now pending before the Court is defendant's motion to quash the service of summons. Plaintiffs, as the parties on whose behalf service was made, bear the burden of establishing that service was proper. See Norlock v. City of Garland, 768 F.2d 654, 656 (5th Cir. 1985). After considering the papers submitted by the parties, including plaintiffs' supplemental certificate of service, the Court concludes that oral argument is unnecessary, and GRANTS the motion to quash.

Federal Rule of Civil Procedure 4(f) governs the service of process upon individuals in a foreign country. Service may be effected in a place not within any judicial district of the

United States:

    (1) by any internationally agreed means reasonably calculated to give notice . . .; or

    (2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:

        (A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or

        (B) as directed by the foreign authority in response to a letter rogatory or letter of request; or

        (C) unless prohibited by the law of the foreign country, by . . .

            (i) delivery to the individual personally of a copy of the summons and the complaint; or

            (ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served; or

    (3) by other means not prohibited by international agreement as may be directed by the court.

Plaintiffs initially filed a certificate of service in which plaintiff's counsel, David Replogle, represented that he had left copies of the summons and complaint at defendant White's "usual place of abode with a person of suitable age and discretion then residing therein," namely, the reception area of the Mexican jail where White is incarcerated. Defendant subsequently filed the pending motion to quash. In response, plaintiffs filed a supplemental certificate of service in which they represent that the summons and complaint, addressed to defendant White, were delivered to plaintiff at the jail by DHL Express on April 12, 2006. While plaintiffs contend that the delivery required a signed receipt, they do not contend that they have received such a receipt.

Plaintiffs have not effected service in compliance with Federal Rule of Civil Procedure 4(f). Rule 4(f)(1) does not apply, as plaintiffs have not attempted service in accordance with an international agreement. 4(f)(2) does not apply for several reasons. First, plaintiffs have offered no evidence of Mexican law on the service issue, including whether the methods attempted by plaintiff are prohibited by Mexican law. See 4(f)(2)(C). Second, even assuming the methods attempted by plaintiff are not prohibited by Mexican law, plaintiffs have not offered evidence that supports a finding that the summons and

2

complaint were personally delivered to plaintiff, Rule 4(f)(2)(C)(i), or that the clerk of the court mailed the summons and complaint to White. Rule 4(f)(2)(C)(ii).

Plaintiffs do not seriously contend that they have substantially complied with Rule 4(f); instead, they argue that White has actual knowledge of this lawsuit and therefore service is valid. This argument is contrary to the law. "A liberal construction of Rule 4 'cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process may be had.'" Schwarzer, Federal Civil Procedure Before Trial, ¶ 5:347 (2005) (quoting Mid-Century Wood Products, Inc. v. Harris, 936 F.2d 297, 300 (7th Cir. 1991)); see also Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries, 353 F.3d 916, 924-25 (11th Cir. 2003) (holding that even though defendant had actual notice of the lawsuit, service of process was ineffective because it was not in substantial compliance with the Rule 4(f)).

Plaintiffs have not met their burden of showing that the service of process complied with Federal Rule of Civil Procedure 4(f). Accordingly, defendant's motion to quash is GRANTED.

**IT IS SO ORDERED.**

Dated: June 2, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2006\1595\orderrequash.wpd         3