IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL HILARIO ALCARAZ MARTINEZ, et al., | No. C 06-1595 CRB |
| Plaintiffs, | |
| v. | |
| THOMAS F. WHITE, | |
| Defendant. | |
| JOSE LUIS LUNA TRUJILLO, et al., | No. C 06-2322 CRB |
| Plaintiffs | |
| v. | |
| THOMAS F. WHITE, | **MEMORANDUM AND ORDER** |
| Defendant. | |

    This action arises under the Protection of Children Against Sexual Exploitation Act of 1977, 18 U.S.C. section 2251 and the White Slave Traffic Act, 18 U.S.C. section 2421. Plaintiffs are citizens of Mexico and defendant Thomas White, a United States citizen, is currently incarcerated in Mexico. Now pending before the Court is defendant's second motion to quash the service of summons. After carefully considering the papers filed by the parties, the Court concludes that oral argument is unnecessary, and DENIES the motion to

quash and, as a precaution, orders service of the summons and complaint on defendant's attorney pursuant to Federal Rule of Civil Procedure 4(f)(3).

## DISCUSSION

Federal Rule of Civil Procedure 4(f) governs the service of process upon individuals in a foreign country. Service may be effected in a place not within any judicial district of the United States:

(1) by any internationally agreed means reasonably calculated to give notice . . .; or

(2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:

  (A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or

  (B) as directed by the foreign authority in response to a letter rogatory or letter of request; or

  (C) unless prohibited by the law of the foreign country, by . . .

   (I) delivery to the individual personally of a copy of the summons and the complaint; or

   (ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served; or

(3) by other means not prohibited by international agreement as may be directed by the court.

Fed. R. Civ. P. 4(f).

Plaintiffs, as the parties on whose behalf service was made, bear the burden of establishing that service was proper under Rule 4(f). See Brockmeyer v. May, 383 F.3d 798, 799 (9th Cir. 2004).

**A.     Rule 4(f)(2)(C)(ii)**

Plaintiffs contend that service is effective pursuant to Rule 4(f)(2)(C)(ii), namely, service by the clerk of the court by registered mail. They have offered evidence that the clerk of the court, namely this Court's docket clerk, Maria Loo, mailed a copy of the summons and complaint return receipt requested to the jail where White is incarcerated and that a signed receipt was returned by mail to the clerk.

2

Defendant responds that because Mexican law does not provide for service by mail for domestic lawsuits, that means Rule 4(f)(2)(C)(ii) cannot apply. See Fed. R. Civ. P. 4(f)(2)(C)(ii) (allowing service by mail requiring a signed receipt "unless prohibited by the law of the foreign country"). Defendant's argument rests on the premise that if Mexican law *does not permit* service by mail domestically, it follows that Mexican must prohibit such service.

Defendant's interpretation of the Rule is contradicted by the very case upon which defendant relies. In Resource Venture, Inc. v. Resource Management International, Inc., 42 F.Supp.2d 423, 430 (D.C. Del. 1999), the court first observed that Rule 4(f)(2)(A) allows service in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; that is, under subsection (A) a plaintiff can serve a foreign defendant according to the laws of the foreign country. The court then noted that if "unless prohibited by the laws of the foreign state" in subsection (C) means that anything not prescribed is prohibited (as defendant contends here), then subsection (C) is meaningless:

> Thus, if subsection (f)(2)(C) is inapplicable where a form of return receipt mail is not prescribed by the law of a foreign country, then a plaintiff's failure to satisfy subsection (f)(2)(A) would preclude the availability of subsection (f)(2)(C) thereby making the latter subsection useless. In order to give subsection (f)(2)(C) operative effect, the subsection should be interpreted *to permit service of process by the alternative forms of service that, while not specifically prescribed by the laws of a foreign country, are also not prohibited by such laws.*

Id. at 430 (emphasis added); see also id. at n.2.

Here, plaintiffs concede that the service by registered mail is not a permissible means of service in Mexico for domestic lawsuits, but they offer evidence that it is not prohibited for international service of process. Defendant responds that it is prohibited by Mexican law, but he offers no evidence of such prohibition other than plaintiffs' concession that it is not prescribed. Under the structure of Rule 4(f), there must be a law specifically *prohibiting* such service. In Prewitt Enterprises v. OPEC, 353 F.3d 916, 923 (11th Cir. 2003), for example, the Court held service on OPEC in Austria by registered mail pursuant to

3

subsection 4(f)(C)(ii) was unavailable because Austria and OPEC had entered into a written agreement specifically stating that service could not be made within OPEC's Austrian headquarters without the express consent of the Secretary General. Defendant does not identify any such prohibition that would apply here.

Defendant also complains that he did not sign the receipt. The Rule, however, does not require defendant's signature; it merely requires a signed receipt. Plaintiffs have produced a signed receipt. Finally, defendant also complains that Maria Loo is not the Clerk of the Court and therefore plaintiffs did not comply with Rule (2)(C) by having Maria Loo mail the summons and complaint. Loo, however, is the Clerk's agent; defendant cites no case to support his cramped interpretation of the Rule. Accordingly, the motions to quash are DENIED.

**B.     Rule 4(f)(3)**

In any event, Rule 4(f)(3) allows for service by "other means not prohibited by international agreement as may be directed by the court." This Rule allows a court to order service of persons in foreign countries by any means likely to impart notice, "even in contravention of the laws of the foreign country," as long as not prohibited by an international agreement. <u>Rio Properties, Inc. v. Rio Int'l Interlink</u>, 284 F.3d 1007, 1014 (9th Cir. 2002). "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." <u>Brockmeyer</u>, 383 F.3d at 805. Trial courts have authorized several means of alternative service under this Rule, including service by publication, by ordinary mail, and on the defendant's attorney. <u>Rio Properties</u>, 284 F.3d at 1016. Moreover, the plaintiff does not have to attempt the other methods of service before the trial court may order service under this Rule. <u>Id.</u> at 1015-16.

In light of defendant's incarceration in a Mexican jail, and his refusal to accept service of process, the Court concludes that an order pursuant to Rule 4(f)(3) directing that service of the summons and complaints in these matters be made on defendant's attorney, Geoffrey Rotwein, is warranted. As Mr. Rotwein currently represents defendant in another matter before this Court, and, indeed, is scheduled to appear before the Court in that matter on the

4

same day defendant's motions to quash are noticed for hearing, the Court is confident that such service will impart notice of these lawsuits to defendant. Defendant's refusal to authorize his attorney to accept service in these cases is immaterial; if he had so authorized service a court order would be unnecessary. See Forum Fin. Group, LLC v. President, Fellows of Harvard College, 199 F.R.D. 22, 24 (D. Me. 2001).

## CONCLUSION

Plaintiffs properly served defendant pursuant to Rule 4(f)(2)(C) and therefore the motions to quash are DENIED. As a precaution, however, pursuant to Rule 4(f)(3) the Court orders plaintiffs to serve the summons and complaints on defendant's counsel Geoffrey Rotwein. Defendant's time for responding to the complaints shall run from the date of service on Mr. Rotwein.

**IT IS SO ORDERED.**

Dated: September 28, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2006\1595\order2requash.wpd                   5