1  DAVID REPLOGLE, SBN 077875
   LAW OFFICES OF DAVID REPLOGLE
2  A Professional Corporation
   550 Montgomery Street, Suite 550
3  San Francisco, California 94111
   Telephone: (415) 362-4700
4  Facsimile: (415) 781-6683
   E-mail: davidreplogle@aol.com
5
   Attorneys for Plaintiffs
6  Gabriel Hilario Alcaraz Martinez,
   Christian Fidal Arechiga Torres and
7  Ramon Alejandro Hernandez Garcia

8

9                    UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                   SAN FRANCISCO DIVISION

12  GABRIEL HILARIO ALCARAZ            )    Case No.  C-06-1595-CRB
    MARTINEZ, CHRISTIAN FIDAL          )
13  ARECHIGA TORRES and RAMON          )
    ALEJANDRO HERNANDEZ GARCIA, )
14                                     )
         Plaintiffs,                   )
15                                     )
         vs.                           )    Date:  November 17, 2006
16                                     )    Time: 10:00 a.m.
    THOMAS F. WHITE,                   )    Courtroom:   8, 19th Floor
17                                     )
         Defendant.                    )
18  _____)

19

20       **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

21       **OF MOTION TO TAKE DEPOSITIONS IN PRISON, TO PERMIT**

22       **DEPOSITIONS  TO EXCEED ONE DAY OF SEVEN HOURS AND**

23       **TO APPOINT MAGISTRATE  JUDGE DISCOVERY REFEREE**

24

25                               **I**

26                **INTRODUCTION AND BACKGROUND**

27       This in an action for damages for child sex tourism brought under 18

28  U.S.C. § 2255.   Plaintiffs are 3 young men from Puerto Vallarta, Mexico

1   who were sexually abused when they were minors by Thomas F. White ("White").

2

3          Beginning at least as early as 1998, White would travel to Puerto

4   Vallarta in order to have sex with children, including the Plaintiffs in this action.

5   White was assisted in his actions by his personal assistant, Nathan Lovaas

6   ("Lovaas").   White and Lovaas would search for young boys along the beach in

7   Puerto Vallarta in order to procure young boys to sexually molest at the Casa

8   Blanca and at White's condominium near the Blue Chairs Hotel in Puerto Vallarta.

9

10          White, in traveling to Mexico to have sex with children, engaged in

11   child sex tourism, a violation of Section 2423 of Title 18 of the United States

12   Code.     Section 2255 of Title 18 provides that victims of child sex tourism, such

13   as Plaintiffs in this case, are authorized to file a civil claim for damages in the

14   appropriate District Court.

15          Both White and Lovaas were indicted by the Grand Jury for the

16   Northern District of California.

17          Lovaas pled guilty and is currently incarcerated at the federal

18   correctional facility in Taft, California.

19          White has not yet been arraigned in the United States.   Initially,

20   White fled Mexico to evade arrest by the Mexican authorities.   In February of

21   2003 White was apprehended by the Thai authorities at the request of the Mexican

22   authorities.   On or about July 31, 2005, White was extradited to Mexico.   White

23   is being held at the state prison near Puerto Vallarta, Mexico.   It is not known if or

24   when White might be released from Mexican prison.

25          White has been incarcerated in a third world prison for well over 3

26   years.   White is 70 years old and is reportedly in poor health.

27          By this motion, Plaintiffs seek, among other things, to take White's

28   deposition in order to preserve his testimony for trial.

MEMORANDUM IN SUPPORT OF MOTION TO TAKE DEPOSITIONS IN PRISON
MARTINEZ, ET AL. VS. WHITE, CASE NUMBER C–06-1595-CRB

## II

## ARGUMENT

**A.      The Court Should Grant Leave To Take the Depositions of White and Lovaas, Persons Confined in Prison, Under Rule 30.**

White is currently incarcerated in a Mexican state prison near Puerto Vallarta, Mexico.   Lovaas is currently incarcerated at the United States Correctional Institution in Taft, California.

Under Rule 30(a)(2) of the Federal Rules of Civil Procedure, leave of court is required to take the deposition of a party or other witness in prison. Leave should be granted to take both the deposition of White and Lovaas in their respective prisons.

It is critically important to take the depositions of both White and Lovaas in order to prosecute the action, identify other witness that will need to be deposed and prepare for trial.   Except for the Plaintiffs, White and Lovaas are the only other individuals known to have percipient knowledge of the underlying facts.

Lovaas is an essential witness.   Lovaas has already been convicted and is serving his sentence.   Lovaas will not be able to assert his right not to testify under the Fifth Amendment since he is no longer in any jeopardy of prosecution.   Lovaas will, therefore, be able to provide valuable information to Plaintiffs not available through any other source.

It is also critical to take White's deposition.   White is 70 years old and has spent over 3 years in a third world prison.   White's health is reportedly in precarious condition and, for that additional reason, it is necessary to take his deposition as soon as possible.

For the foregoing reasons, the court should grant Plaintiffs leave to take the depositions of White and Lovaas at their respective prisons pursuant to

MEMORANDUM IN SUPPORT OF MOTION TO TAKE DEPOSITIONS IN PRISON
MARTINEZ, ET AL. VS. WHITE, CASE NUMBER C–06-1595-CRB

1 | Rule 30(a)(2) of the Federal Rules of Civil Procedure.

2 | **B.     The Depositions of White and Lovaas Should Not Be**

3 | **Limited to One Day of Seven Hours.**

4 | There are also three individual plaintiffs in this action.   It will be

5 | necessary to depose White and Lovaas on three distinct claims.

6 | In addition, White was active in Puerto Vallarta for over 20 years.

7 | Discovery of the underlying facts, and similar acts that may be admissible under

8 | Rule 415 of the Federal Rules of Evidence, will consume more than one day of

9 | seven hours.   In the companion state court action, White's lawyers took the

10 | deposition of one of the plaintiffs for five sessions in order to cover that one claim.

11 | In view of the fact that there are three Plaintiffs with three distinct

12 | claims in this case, and the extent of White's and Lovaas' activities, to take a

13 | complete deposition will take in excess of one day of seven hours.   For that

14 | reason, Plaintiffs request the court enter an order permitting the depositions of

15 | White and Lovaas to exceed one day of seven hours.

16 | **C.     The Court Should Appoint a Magistrate Judge as Discovery**

17 | **Referee for All Discovery Disputes in this Case.**

18 | It will be necessary to travel to Puerto Vallarta to take White's

19 | deposition.   In addition, it will be necessary to pay for a court reporter to travel to

20 | Mexico to take White's deposition.   Those expenses will be substantial.

21 | Because of the expenses of scheduling the deposition in Mexico, it is

22 | essential that a magistrate judge be appointed to resolve all discovery objections

23 | telephonically.   If disputes cannot be resolved telephonically by a magistrate

24 | judge, it will likely be necessary to suspend the deposition, return to San Francisco

25 | for resolution of the dispute, and then return to Mexico to resume the deposition,

26 | all at great and unnecessary expense.

27 |

28 |

MEMORANDUM IN SUPPORT OF MOTION TO TAKE DEPOSITIONS IN PRISON
MARTINEZ, ET AL. VS. WHITE, CASE NUMBER C–06-1595-CRB

**III**

**CONCLUSION**

For each of the foregoing reasons, it is urged that the court enter an order as follows:

     1.   For leave to take the depositions of Thomas F. White and Nathan Lovaas in their respective prisons pursuant to Rule 30(a)(2) of the Federal Rules of Civil Procedure;

     2.   To permit the depositions of Thomas F. White and Nathan Lovaas to exceed one day of seven hours pursuant to Rule 30(d)(2) of the Federal Rules of Civil Procedure; and

     3.   Appointing a magistrate judge to hear and determine all discovery issues in this case, including objections or other issues that may arise at the depositions of Thomas F. White and Nathan Lovaas, pursuant to Rule 73 of the Federal Rules of Civil Procedure.

Dated:   October 6, 2006.       Respectfully submitted,

                       LAW OFFICES OF DAVID REPLOGLE
                       A Professional Corporation

                       /s/

                       _____
                       By, David Replogle
                       Attorneys for Plaintiffs

1                                   **PROOF OF ELECTRONIC SERVICE**

2          I declare under penalty of perjury that the foregoing is true and correct:

3            I am a citizen of the United States over the age of eighteen years, employed in the City and County of San Francisco, California, and not a party to the within entitled cause;  my
4 business address is 550 Montgomery Street, Suite 550, San Francisco, California.

5           On October 6, 2006 I served the following:

6           **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TAKE DEPOSITIONS IN PRISON,**
7 **TO PERMIT DEPOSITIONS TO EXCEED ONE DAY OF SEVEN HOURS AND TO APPOINT MAGISTRATE  JUDGE**
8 **DISCOVERY REFEREE**

9 on the interested party(ies) in said cause, by causing an electronic delivery subject to 28 U.S.C. § 1746, Local Rules or General Orders of this Court regarding Electronic Case Filing addressed as
10 follows:

11          Geoffrey Rotwein                      Attorneys for Defendant
         400 Montgomery St., Ste. 200             Thomas F. White
12          San Francisco, CA 94104
         E-mail: geoffrottwein@sbcglobal.net
13

          I declare under penalty of perjury that the foregoing is true and correct and that
14 this declaration was executed on October 6, 2006 at Kona, Hawaii.

15                                            *David Replogle*

16                                        DAVID REPLOGLE

17

18

19

20

21

22

23

24

25

26

27

28