GEOFFREY ROTWEIN (CA SBN 58176)
LAW OFFICES OF GEOFFREY ROTWEIN
400 Montgomery Street, Second Floor
San Francisco, CA 94104
Facsimile: (415) 397-0862
Telephone: (4l5) 397-0860

Attorney for Defendant
THOMAS F. WHITE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL HILARIO ALCARAZ MARTINEZ, et al, | No. C-06-01595 CRB |
| Plaintiffs, | |
| vs. | |
| THOMAS F. WHITE, | |
| Defendant. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS ACTION BASED ON FORUM NON CONVENIENS**

DATE: November 17, 2006
TIME: 10:00 a.m.
CTRM: 8, 19th Floor
    Hon. Charles R. Breyer

# TABLE OF CONTENTS

| | |
|---|---:|
| Table of Authorities | ii |
| I. INTRODUCTION | 1 |
| II. MEXICO IS THE APPROPRIATE FORUM FOR THIS CASE | 1 |
|     A. Overview of Case | 1 |
|     B. All Evidence Is in Mexico; Defendant Must Undertake an Exhaustive, Expensive and Time Consuming Investigation and Discovery; and, Production of Witnesses and Evidence for Trial in this Court Will Be Extremely Difficult | 2 |
|     C. An Adequate Alternative Forum Exists in Mexico | 3 |
|     D. The Private Factors Clearly Favor Litigating the Case in Mexico | 5 |
|     E. Public Factors Favor Litigation in Mexico | 9 |
| III. THIS COURT HAS PREVIOUSLY ADDRESSED THIS ISSUE | 11 |
| IV. CONCLUSION | 11 |

# TABLE OF AUTHORITIES

## FEDERAL CASES

*In re Air Crash Over The Taiwan Strait on May 25, 2002*,
331 F.Supp. 2d 1176 (cd Cal. 2004) ........ 6

*American Home Assurance Company, et al. v. TGL Container Lines, Ltd., et al*, 347 F.Supp. 2d 749 (ND Cal. 2004) ........ 6

*Cheng v. Boeing Co.*, 708 F.2d 1406 (9th Cir. 1983) ........ 6

*Dole Food Co., Inc. v. Watts*, 303 F.3d 1104 (9th Cir. 2002) ........ 2

*Gemini Capital Group, Inc. v. Yap Fishing Corp.*, 150 F.3d 1088 (9th Cir. 1998)

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947) ........ 5

*Gund v. Philbrook's Boatyard*, 347 F.Supp. 2d 909 (WD Wash. 2005) ........ 7

*Hoffman v. Goberman*, 420 F.2d 423 (3d Cir.1970) ........ 6

*Lockman Foundation v. Evangelical Alliance Mission*, 930 F.2d 764 (9th Cir. 1991) ........ 3

*Lueck v. Sundstrand Corp.*, 236 F.3d 1137 (9th Cir. 2001) ........ 2, 3, 4, 5, 6, 9, 10

*Miskow v. Boeing Co.*, 664 F.2d 205 (9th Cir. 1981) ........ 6

*Paper Operations Consultants International, Ltd. v. SS Hong Kong Amber*,
513 F.2d 667 (9th Cir. 1975) ........ 6

*Piper Aircraft Co.* v. *Reyno*, 454 U.S. 235 (1981) ........ 3, 4, 5, 10

*Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64 (2nd Cir. 2003) ........ 3

*Schijndel v. The Boeing Company*, 434 F.Supp.2d 766 (CD Cal. 2006) ........ 6

## FEDERAL STATUTES

18 U.S.C. § 2423 ........ 2

## FOREIGN STATUTES

Civil Code of Jalisco, Mexico, Articles 1387, 1390, 1391 and 1393 ........ 4

# I.

# INTRODUCTION

There is no local interest in maintaining this lawsuit in the Northern District of California. Simply because it *can* be brought here does not mean it *should be*; indeed, ensuring that the litigation proceeds in an appropriate and convenient forum is required to balance the interests of the parties and avoid an unreasonable burden on defendant to defend.

It clearly will unreasonably burden defendant and his defense team to maintain this action in this district. The most appropriate judicial forum is in Mexico: all plaintiffs are Mexican nationals and reside there; defendant is there; all the alleged wrongful conduct occurred there; the numerous witnesses reside there; all physical evidence is there; the Mexican courts provide an entirely adequate alternative forum; and, considering all the factors and circumstances, it is far more convenient and economical for all parties to litigate this action in Mexico.

Indeed, other than the attorneys, *no one* related to this case is in the United States, other than a witness named Nathan Lovaas who will assert his Fifth Amendment privilege and not testify. *See* Rotwein Declaration, ¶ 8. Plaintiffs can pursue their causes of action before a competent Mexican court and be awarded damages if proven. *See* Ortega Declaration, ¶¶ 3, 4. Additionally, maintaining this action here will severely waste this Court's limited judicial resources, including court and jury time and expense. Accordingly, defendant respectfully requests that this case be dismissed based on forum non conveniens.

# II.

# MEXICO IS THE APPROPRIATE FORUM FOR THIS CASE

### A. Overview of Case

Three Mexican nationals from Puerto Vallarta, State of Jalisco, Mexico, are suing one defendant, Thomas F. White, for child sexual tourism, production and distribution of child pornography and related claims. They seek actual damages from defendant, as well as general damages for emotional distress and pain and suffering. Defendant has maintained a home in Puerto Vallarta for many years, which plaintiffs allege they visited and were abused.

1  Since August 2005, defendant has been incarcerated in the jail at Ixtapa, Jalisco,
2  Mexico, which is located at the Puerto Vallarta airport, to answer to criminal charges pending
3  against him there. Additionally, he has been indicted by a federal grand jury in this district
4  in case entitled *United States* v. *Thomas F. White*, No. CR-04-0093 CRB, with violating 18
5  U.S.C. § 2423(b), conspiracy to travel with the intent to engage in sex with a minor.

**B. All Evidence Is in Mexico; Defendant Must Undertake an Exhaustive, Expensive and Time Consuming Investigation and Discovery; and, Production of Witnesses and Evidence for Trial in this Court Will Be Extremely Difficult**

This is precisely the type of action that warrants dismissal on grounds of forum non conveniens. An entirely adequate alternative forum for plaintiffs' claims against defendant exists in Mexico and both the public and private interests at stake weigh strongly in favor of adjudicating this case there and *not* here.

In general, venue rules give defendants in civil cases some input regarding the place for trial to protect against trial in a location that would pose inordinate and expensive burdens to defend. Defendant will be unreasonably burdened if he is required to litigate this case in California when *all* of the plaintiffs, *all* the witnesses on merits and damages, *all* of the evidence and he are in Mexico. Keeping the case here requires that defendant and his defense team undertake an wide ranging and extremely expensive foreign investigation and conduct whatever discovery is possible, in Mexico, only to have it transported to this Court for purposes of trial. This is both untenable and unnecessary where an adequate forum exists in Mexico to remedy plaintiffs' alleged damages.

"A district court has discretion to decline to exercise jurisdiction in a case where litigation in a foreign forum would be more convenient for a party." *Lueck* v. *Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001), *citing*, *Gulf Oil Corp.* v. *Gilbert*, 330 U.S. 501, 504 (1947). In determining whether to dismiss an action based on forum non conveniens, a Court must consider the following: (1) whether an adequate alternative forum exists; and, (2) whether the balance of private and public interest factors favors dismissal. *Id.*; *Dole Food*

MEMORANDUM OF POINTS AND AUTHORITIES RE MOTION
TO DISMISS BASED ON FORUM NON CONVENIENS
No. C-06-01595 CRB                              -2-

1  *Co., Inc.* v. *Watts*, 303 F.3d 1104, 1117 (9th Cir. 2002).[1]

2  Where the plaintiff is a United States citizen, the Court should give deference to his/her
3  choice of forum. *Piper Aircraft Co.* v. *Reyno*, 454 U.S. 235, 256 (1981) is the seminal case
4  in this area. "When the plaintiff is foreign, however, the assumption is much less reasonable."
5  *Id.* Rather, according to the Supreme Court, "a foreign plaintiff's choice deserves less
6  deference." *Id.*; *see Lueck*, 236 F.3d at p. 1143. This is true even where the defendant is a
7  United States citizen. In *Lueck*, the Ninth Circuit affirmed the district court's dismissal on
8  forum non conveniens grounds where all the plaintiffs were foreign nationals, despite the fact
9  that all but one defendant were American corporations. *Lueck*, 236 F.3d at p. 1142; *see also*,
10 *Pollux Holding Ltd.* v. *Chase Manhattan Bank*, 329 F.3d 64, 74 (2nd Cir. 2003). Here the
11 sole defendant is in Mexico as well.

### C. An Adequate Alternative Forum Exists in Mexico

There is no cognizable reason why plaintiffs need to maintain this action in the United States, since they have the right to sue defendant in Mexico to recover for their all their alleged special and general damages. Indeed, there being not even a scintilla of United States interest in this suit, a forum non conveniens dismissal is warranted given the fully adequate alternative Mexican legal forum. "The foreign forum must provide the plaintiff with *some* remedy for his wrong in order for the alternative forum to be adequate;" it need not be the same remedy. *Lueck*, 236 F.3d at p. 1143 (italics added). Indeed, "it is only in 'rare circumstances where the remedy provided by the alternative forum ... is so clearly inadequate or unsatisfactory, that it is no remedy at all,' that this requirement is not met." *Id.*, *citing*, *Lockman Found* v. *Evangelical Alliance Mission*, 930 F.2d 764, 767 (9th Cir. 1991).

To determine whether an adequate alternative foreign forum is available, the Court

---

[1] While it was previously contemplated that a district court must first make a choice of law determination before dismissing a case for forum non conveniens, that "analysis is only determinative when the case involves a United States statute requiring venue in the United States, such as the Jones Act or the Federal Employers' Liability Act." *Lueck*, 236 F.3d at 1148. Because no such law is implicated here, the choice of law determination is not given conclusive or even substantive weight. *Id.* Accordingly, this issue is not pertinent.

MEMORANDUM OF POINTS AND AUTHORITIES RE MOTION
TO DISMISS BASED ON FORUM NON CONVENIENS
No. C-06-01595 CRB                    -3-

does not examine whether the plaintiffs *could* bring the suit in Mexico; rather, the pertinent question is whether Mexico offers a remedy for their claims and resulting damages. *Id*. at p. 1142. Here, Mexico offers a totally adequate remedy for all plaintiffs under its Civil Code. *See*, Ortega Declaration, ¶¶ 3, 4.

As a threshold consideration, an adequate alternative foreign forum is deemed to exist when the defendant is amenable to service of process there. *Piper Aircraft*, 454 U.S. at p. 254, n. 22; *Lueck*, 236 F.3d at p. 1143. Here, this standard has been met given this Court's ruling on September 28, 2006, that plaintiffs effected adequate service by mail of Summons and Complaint on defendant while in jail. Specifically, the Civil Code of Jalisco, including Articles 1387, 1390, 1391 and 1393, entitles plaintiffs in Mexico the type of relief that is similar to what they could obtain in this Court by providing that persons who have been injured by another may pursue monetary damages against the perpetrator(s). When injuries such as those alleged by plaintiffs here are proven, monies are awarded after consideration of several factors, including: (1) the nature of the harm done; (2) the rights injured; (3) the defendant's degree of responsibility; (4) the defendant's financial condition; (5) the seriousness and/or repercussions of the injury; and, (6) local custom. Ortega Declaration, ¶¶ 3, 4.

The Supreme Court has held that the alternative forum is adequate even where it is "lesser" than that available in the United States. *Piper Aircraft*, 454 U.S. at p. 239; *Lueck*, 236 F.3d at p. 1143. In *Piper Aircraft*, the Supreme Court determined that "a foreign forum will be deemed adequate unless it offers no practical remedy for the plaintiff's complained of wrong." *Lueck*, 236 F.3d at p. 1144.

Indeed, the *Lueck* Court determined that even an administrative remedy was sufficient to provide an adequate alternative forum: "The forum non conveniens analysis does not look to the precise source of the plaintiff's remedy, so we will not require the alternative forum to offer a judicial remedy." *Id*. The remedy available to plaintiffs is not "so inadequate that it is tantamount to no remedy at all." *Lueck*, 236 F.3d at pp. 1144-45. Here, the judicial civil remedy for plaintiffs in Mexico can hardly be characterized as "no practical remedy ... [or]

inadequate ... [or] no remedy at all." *Id.*

### D. The Private Factors Clearly Favor Litigating the Case in Mexico

The main purpose underlying the forum non conveniens doctrine is to promote convenience. *Lueck*, 236 F.3d at p. 1144, *citing Piper Aircraft*, 454 U.S. at pp. 249-51. Thus, this Court must balance several private and public factors to determine the most convenient forum. "[I]f the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper." *Piper Aircraft*, 454 U.S. at p. 256, n. 23. While "[o]rdinarily, a plaintiff's choice of forum will not be disturbed unless the 'private interest' and the 'public interest' factors strongly favor trial in a foreign country," "a foreign plaintiff's choice of forum merits less deference than that of a plaintiff who resides in the selected forum, and the showing required for dismissal is reduced." *Lueck*, 236 F.3d at p. 1145; *see also*, *Gemini Capital Group, Inc.* v. *Yap Fishing Corp.*, 150 F.3d 1088, 1091 (9th Cir. 1998).

Here, plaintiffs' choice of forum deserves less deference because they are all Mexican nationals who reside in Mexico and have no connection to the United States or, more importantly, to this judicial forum. In addition, the private and public factors strongly militate in favor of litigating this case in Mexico.

The following private interest factors are considered by courts in a forum non conveniens determination:

> (1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Lueck*, 236 F.3d at p. 1145 (internal quotations omitted).

In ruling on a forum non conveniens motion, the court must not focus on any particular factor, but instead must consider all factors together in arriving at a balanced conclusion: "a court should evaluate the materiality and importance of the anticipated evidence and witnesses' testimony and then determine their accessibility and convenience to the forum."

*Id.* at p. 1146. Here, literally *every* factor articulated in *Lueck* favors dismissal.

The standard to be applied is whether, in light of these factors, defendants have made a "clear showing of facts which either (1) establish such oppression and vexation of a defendant as to be out of proportion to the plaintiff's convenience, which may be shown to be slight or nonexistent, or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems." *Hoffman* v. *Goberman*, 420 F.2d 423, 426-27 (3d Cir.1970) (quoted in *Miskow* v. *Boeing Co.*, 664 F.2d 205, 208 (9th Cir. 1981)); *see also*, *Cheng* v. *Boeing Co.*, 708 F.2d 1406, 1410-12 (9th Cir. 1983) (Ninth Circuit affirmed district court dismissing wrongful death action against defendant airline companies to allow filing in Taiwan, where commercial airliner crashed during an intra-Taiwan flight, even though plaintiff estate representatives were United States citizens).

In *Paper Operations Consultants International, Ltd.* v. *SS Hong Kong Amber*, 513 F.2d 667 (9th Cir. 1975), a Bahamian corporation filed an admiralty action against a Liberian corporation. The trial court granted the Liberian corporation's motion to dismiss the action on forum non conveniens grounds. The Ninth Circuit affirmed, concluding that neither party was an American citizen; no American interests were involved; all of the primary activities and contracts which formed the basis of the lawsuit occurred outside the United States; damage to the Bahamian corporation's cargo occurred outside of American waters; most of the witnesses and documents were in Vancouver or places outside of the United States; and, Canadian law was applicable. The Court stated that adjudication of the controversy in the forum chosen by the Bahamian corporation would have created burdensome administrative problems for the trial court, constituting an unjustified imposition on its resources. *Id.*, at pp. 670-72. *See also*, *Schijndel* v. *The Boeing Company*, 434 F.Supp.2d 766 (CD Cal. 2006) (Dutch citizens filed suit against defendant American corporations for injuries resulting from an airplane crash; district court dismissed because Singapore more appropriate forum); *In re Air Crash Over The Taiwan Strait on May 25, 2002*, 331 F.Supp.2d 1176 (CD Cal. 2004); *American Home Assurance Company, et al.* v. *TGL Container Lines, Ltd., et al*, 347

1  F.Supp.2d 749, 766 (ND Cal. 2004); *Gund* v. *Philbrook's Boatyard*, 347 F.Supp.2d 909, 911
2  (WD Wash. 2005) (boat injury, boatyard located in Canada, litigation more convenient there).

3        Not only is *all* the evidence regarding plaintiffs' allegations against defendant in
4  Mexico, but in addition, the pertinent records regarding their backgrounds are located there,
5  including birth certificates, school records, medical records, court records and previous
6  statements regarding the allegations.  Also, persons who are familiar with plaintiffs'
7  backgrounds, lifestyles, etc., are only in Mexico.  These records and persons are highly
8  relevant to the defense in both the liability and damages aspects of this case, and must be
9  obtained in order to adequately provide a defense for Mr. White.  However, as United States
10 subpoenas have no effect — locating this evidence, let alone convincing third-party Mexican
11 institutions and persons to produce it, is burdensome in the extreme if not entirely impossible.
12 Additionally, when medical or juvenile court records are sought — as they must be — a Court
13 order certainly will be required.  *See* Ortega Declaration, ¶¶ 5, 6.

14       Defendant's access to this information will be severely hindered if he is required to
15 *attempt* litigation of these issues in this Court rather than in a Mexican court that provides
16 remedies for securing records and discovery generally.  This Court cannot directly compel the
17 production of the most important evidence and the defense may have no alternative but to
18 resort to the tedious, time consuming and potentially unavailing, international litigation
19 discovery requirements of the Hague Convention on the Taking of Evidence Abroad or the
20 Interamerican Convention on Rogatory Letters.  *Id.*  With no civil case in Mexico, the only
21 way to obtain court orders there will be via letters rogatory from this Court to the Mexican
22 court in each appropriate jurisdiction where discovery is sought.  *Id.*  Such requests often are
23 not acted on for months and this Court likely has no power to compel unwilling Mexican
24 witnesses to testify here or there.

25       Also, if during trial the defense wants the fact finder to view defendant's residence,
26 or where a plaintiff claims he was met or abused by defendant, or the other many key areas
27 that are relevant to the claims, this will be impossible for a local jury.  Conducting the
28 litigation and trial in Mexico will accommodate such jury views.  Furthermore, the trier of fact

should be from the same vicinage and culture where the alleged acts and resulting personal injuries occurred, in order that a fair assessment can be made as to the value of damages in that foreign community. A jury in the San Francisco Bay Area can only speculate about the value to place on emotional distress and other special and general damages for a person residing in Puerto Vallarta. Defendant is entitled to have the trier of fact fully familiar with the cultural norms, mores and values in order to make a meaningful assessment of damages to plaintiffs growing up and residing there. *See* Ortega Declaration, ¶ 4 ("(6) local custom" is a factor for damages.)

Moreover, because all of the evidence, witnesses, plaintiffs and defendant, are located in Mexico, defendant will be forced to hire separate Mexican counsel to undertake the necessary discovery, pretrial litigation and trial there. If this case proceeds in Mexico, defendant will only need Mexican counsel. If the litigation is maintained in the United States, each document, statement, deposition transcript and press report will need to be translated from Spanish to English, at a great expense and trouble to the defense. These additional expenses will impose an unreasonably burden and expense on defendant.

It is important at any trial that the fact finder view and evaluate each plaintiff's credibility. Defendant is entitled to a full and fair cross-examination of each plaintiff at trial. However, at this juncture it is unclear whether plaintiffs will come to the United States to testify. If plaintiffs are not available for trial here, presumably their counsel would seek to offer deposition testimony in lieu of live testimony.[2] This would prejudice defendant because he would be forced to conduct a complete cross examination — potentially the *only* cross examination — of each plaintiff prior to trial, and in doing so would be forced to anticipate evidence admitted at trial. Given the difficulty of obtaining discovery and records in this litigation, defendant's ability to conduct such thorough examinations of plaintiffs will be

---

[2] Additionally, if this litigation is maintained in the United States, the depositions of plaintiffs and the witnesses will occur in Mexico and likely in Spanish with interpreters present, and full translations of each deposition transcript will then be required, greatly increasing the expense and burden on the defense.

MEMORANDUM OF POINTS AND AUTHORITIES RE MOTION
TO DISMISS BASED ON FORUM NON CONVENIENS
No. C-06-01595 CRB                                      -8-

significantly hampered.

Moreover, if plaintiffs intend to simply offer all plaintiffs' testimony via video deposition, it makes a mockery of the United States proceeding and exemplifies the utter symbolism of this Court. It would serve as a mere stage for plaintiffs' performance and places defendant in the untenable situation of arguing with a television monitor. Given the availability of a Mexican court with actual control and authority over the proceedings, a television drama in this Court — where one side gets to say whatever it wants in a prepared and prerecorded statement — is unnecessary and fundamentally unfair.

As in most cases involving claims for emotional distress damages, the defense will also require that each plaintiff undergo an independent medical and/or psychiatric examination to determine the source and extent of his claimed damages and any causal connection to defendant's alleged conduct. Such experts will have to be qualified to testify in a United States court, and in order to be effective in their examinations, will also have to be fluent in Spanish. They will need to travel to Mexico to conduct extensive independent medical examinations there (potentially in various locations throughout Mexico) and in advance will need records of medical and psychiatric treatments and family medical histories for each plaintiff, which will be difficult to secure by process from this Court. The additional expenses for such travel and to compensate for being their absence from his/her normal practice, adds an unreasonable financial burden on defendant.

Clearly, the private interest factors weigh heavily in favor of moving this case to Mexico.

### E. Public Factors Favor Litigation in Mexico

As the *Lueck* Court found under similar circumstances, the public interest factors weigh against maintaining this action in California because the local interest is nonexistent or low at best, and the citizens of California should not be forced to bear the burden of this dispute. *Lueck*, 236 F.3d at p. 1147. Courts consider the following public interest factors: (1) the local interest of lawsuit; (2) the court's familiarity with governing law; (3) the burden on local courts and juries; (4) congestion in the court; and, (5) the costs of resolving a dispute

unrelated to this forum. *Id.*, *citing Piper Aircraft*, 454 U.S. at pp. 259-61.

The only possible local interest in this case is the public's interest in ensuring that defendant is held accountable for his conduct if he is found liable. However, such local interest is more adequately and appropriately represented in the federal *criminal* action against defendant. Because defendant faces lengthy incarceration punishment from the criminal case if he is found guilty, the *only* addition that the instant civil case provides is a potential financial recovery for the Mexican plaintiffs — a recovery that can just as easily be obtained in Mexico. Moreover, in the criminal case, if defendant is convicted, this Court can assess financial damages representing plaintiffs' losses and damages as part of any sentence. Thus, any local interest in the civil case is slight at best when compared to Mexico's overwhelming interest in adjudicating this matter.

The Puerto Vallarta community has the primary interest in litigating this case and imposing financial justice if defendant is liable. Moreover, allegations in *Jose Roe* v. *White*, filed in September 2003, and the criminal cases there, have received overwhelming attention by the local Puerto Vallarta, as well as national, media.[3/] The Mexican government has pursued its criminal cases against defendant all the way to Thailand. Clearly, Mexico has a far more substantial interest in plaintiffs' claims than does the United States.

On the other hand, since none of the plaintiffs are citizens or even residents of the United States, adjudication in this district would entail an enormous commitment of judicial time and resources, along with juror time and expense. *See Piper Aircraft*, 454 U.S. at pp. 260-61. It would unfairly burden citizens with jury duty when this district has no connection to the persons or controversy. *See Piper Aircraft*, 454 U.S. at pp. 243-44. In sum, the cost of resolving this dispute in this Court inevitably will be exorbitant, and as the *Lueck* Court concluded, any local "interest is slight compared to the time and resources the district court ... would expend if it were to retain jurisdiction over this dispute." 263 F.3d at p. 1147.

---

[3/] Defendant requests that this Court take judicial notice of the newspaper articles submitted for the motions to vacate filed in September 2005, along with the testimony in the Mexican Court in January and July 2006, submitted for the third motion to vacate.

### III.

### **THIS COURT HAS PREVIOUSLY ADDRESSED THIS ISSUE**

In the case titled *Jose Roe I, et al* v. *Thomas F. White, et al*, No. C-03-4035 CRB, which involve similar charges as here, this Court addressed the identical motion brought by defendant White. The parties briefed the issues and on March 29, 2005, this Court denied the motion with the proviso that "if he [Mr. White] were in Mexico, which he's not, but if he were in Mexico, that would be a pretty strong case for transferring venue. ... He's in Thailand when last I was told. ...  Now, if he went to Mexico, then, I would say why would we possibly be litigating that issue here, because his lawyers are here and everybody would be in Mexico, including your client, who's not in Mexico?"  Exhibit A to the Rotwein Declaration is the portion of the transcript dealing with this motion, and see 6:18-7:6.

While the instant case has three plaintiffs compared to the *Roe* case which concluded with twenty plaintiffs, the issue regarding the most appropriate forum is identical in both cases, which allege the same types of legal claims against defendant, the same types of factual scenarios and resulting injuries.  Thus, this Court's comments in the *Roe* case are highly instructive if not dispositive now that defendant *is* in Mexico.

### IV.

### **CONCLUSION**

It is clear that Mexico is the most appropriate and convenient forum for this litigation, which is precisely what the doctrine of forum non conveniens is designed to remedy. Therefore, defendant respectfully requests that the Court dismiss this case based on forum non conveniens.

DATED: October 11, 2006              Respectfully submitted:

                                              /s/ Geoffrey Rotwein
                                             GEOFFREY ROTWEIN
                                             Attorney for Defendant
                                             THOMAS F. WHITE

# **CERTIFICATE OF SERVICE**

I, GEOFFREY ROTWEIN, declare under penalty of perjury that on the below-indicated date, I served the above document by causing an electronic delivery authorized under 28 U.S.C. § 1746, Local Rules and General Orders of this Court regarding Electronic Case Filing, and addressed as follows:

David Replogle, Esq.   Email: davidreplogle@aol.com
Law Offices of David Replogle
550 Montgomery Street, Suite 550
San Francisco, CA 94111

I am not a party to this action, am over 18 years of age and am the attorney for defendant Thomas F. White herein.

Executed in San Francisco, California on October 11, 2006.

/s/ Geoffrey Rotwein
GEOFFREY ROTWEIN