1  DAVID REPLOGLE, SBN 077875
   LAW OFFICES OF DAVID REPLOGLE
2  A Professional Corporation
   550 Montgomery Street, Suite 550
3  San Francisco, California 94111
   Telephone: (415) 362-4700
4  Facsimile: (415) 781-6683
   E-mail: davidreplogle@aol.com
5
   Attorneys for Plaintiffs
6  Gabriel Hilario Alcaraz Martinez,
   Christian Fidal Arechiga Torres,
7  Ramon Alejandro Hernandez Garcia
   and Elias Felipe Orozco Sanchez
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

12  GABRIEL HILARIO ALCARAZ          )   Case No. 06-1595-CRB
    MARTINEZ, CHRISTIAN FIDAL        )
13  ARECHIGA TORRES, RAMON           )
    ALEJANDRO HERNANDEZ              )
14  GARCIA and ELIAS FELIPE          )
    OROZCO SANCHEZ,                  )   AMENDED
15                                   )   COMPLAINT FOR DAMAGES
            Plaintiffs,              )   FOR CHILD SEX TOURISM AND
16                                   )   PRODUCTION AND DISTRIBUTION
       vs.                          )   OF CHILD PORNOGRAPHY
17                                   )
    THOMAS F. WHITE,                 )
18                                   )
            Defendant.               )
19  _____ )   DEMAND FOR JURY TRIAL

20

21         Plaintiffs Gabriel Hilario Alcaraz Martinez, Christian Fidal Arechiga

22  Torres, Ramon Alejandro Hernandez Garcia and Elias Felipe Orozco Sanchez

23  allege as follows:

24                          **JURISDICTION**

25         1.  This action arises under the Protection of Children Against

26  Sexual Exploitation Act of 1977, as amended, 18 U.S.C. § 2251, *et seq.* and the

27  White Slave Traffic Act, as amended,  18 U.S.C. § 2421, *et seq.*  This court has

28  jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 18 U.S.C. §

AMENDED COMPLAINT              -1-

1  2255.

2                                    **VENUE**

3           2.  Venue is proper in this district by virtue of 28 U.S.C. § 1391(b),

4  as Defendant Thomas F. White is a resident of this district.

5                        **INTRA-DISTRICT ASSIGNMENT**

6           3.  The San Francisco Division is the proper division in that

7  Defendant Thomas F. White is a resident of this division and a more

8  substantial part of the events or omissions which gave rise to these claims

9  occurred in the San Francisco Division than any other division of the court.

10                                  **PARTIES**

11          4.  Plaintiff Gabriel Hilario Alcaraz Martinez ("Alcaraz"), is now,

12  and at all times mentioned herein was, a resident of the State of Jalisco, United

13  States of Mexico.   Alcaraz was born on January 13, 1987 and is currently 20

14  years old.

15          5.  Plaintiff Christian Fidal Arechiga Torres ("Arechiga"), is now,

16  and at all times mentioned herein was, a resident of the State of Jalisco, United

17  States of Mexico.    Arechiga was born on August 21, 1985 and is currently 21

18  years old.

19          6.  Plaintiff Ramon Alejandro Hernandez Garcia ("Hernandez"), is

20  now, and at all times mentioned herein was, a resident of the State of Jalisco,

21  United States of Mexico.    Hernandez was born on October 29, 1987 and is

22  currently 19 years old.

23          7.  Plaintiff Elias Felipe Orozco Sanchez ("Orozco"), is now, and at

24  all times mentioned herein was, a resident of the State of Jalisco, United States

25  of Mexico.    Orozco was born on March 1, 1988 and is currently 19 years old.

26          8.  Defendant Thomas F. White ("White") is now, and at all times

27  mentioned herein was, a resident of the City and County of San Francisco,

28  State of California.  Plaintiff is informed and believes, and thereon alleges, that

AMENDED COMPLAINT            -2-

1   White was born on or about February 14, 1936 and is currently 70 years old.

2   **COUNT ONE**

3   **Alcaraz vs. White**

4   **Child Sex Tourism**

5   9.   Plaintiff Alcazar refers to and incorporates by reference each

6   and every allegation contained in paragraphs 1 through 8 of this Complaint as

7   though fully set forth and pleaded herein.

8   10.   At least as early as 1995, White began traveling in foreign

9   commerce from San Francisco to Puerto Vallarta, Mexico for the purpose of

10  engaging in illicit sexual conduct with minors, including Plaintiff Alcazar, in

11  violation of 18 U.S.C. § 2423(b).   Once White arrived in Puerto Vallarta, he

12  would procure underage  boys along the beach in Puerto Vallarta, take them to

13  his condominium in Puerto Vallarta or to his villa known as the "Casa Blanca"

14  south of Puerto Vallarta, give the young boys food, money and drugs, and

15  sexually abuse them in violation of 18 U.S.C. § 2423(b) and ( c).

16  11.   White first met Plaintiff Alcaraz when Alcaraz was surfing with

17  several of his friends at the beach in 1995.   At that time, Plaintiff Alcazar was 8

18  years old and homeless, spending most nights sleeping at the beach.   White did

19  not take Alcazar to the Casa Blanca since the Casa Blanca had not yet been

20  built.   The next time Plaintiff Alcazar met White was at the fishing pier at the

21  Playa de los Muertos in Puerto Vallarta.   White was talking with another local

22  teenage boy who took White out on a boat so that he could examine from the

23  water the site where he was going to build his villa.

24  12.   The next time Plaintiff Alcazar met White was near the Casa

25  Blanca which had recently been built.   Alcazar was surfing with 5 other local

26  boys near the Casa Blanca.   At that time, Plaintiff Alcazar was 9 years old.

27  White told Alcazar and his friends to come inside the Casa Blanca if they

28  wanted food.   Alcazar went inside the Casa Blanca at White's invitation.

AMENDED COMPLAINT                    -3-

1   Once inside, White told Alcazar that he had to disrobe since clothing was not

2   permitted at the Casa Blanca.    Alcazar complied with White's request and

3   disrobed.    White told Alcazar if he had sex he would buy him clothes and

4   provide him with money and food.    White then took Alcaraz to his bedroom

5   where White orally copulated Alcaraz in violation of Section 2423 of Title 18 of

6   the United States Code.

7          13.   Over the course of the next few years, Lovaas, White's

8   personal assistant, would search for homeless children in Puerto Vallarta.

9   Lovaas would then bring the homeless children, including Plaintiff Alcazar, to

10  White's residence, the Casa Blanca, to provide White with the opportunity to

11  sexually molest the children, including Plaintiff Alcazar.  On multiple occasions

12  over a two-year period beginning in 1996, White required Plaintiff Alcazar to

13  engage in sexual acts with him, including oral and anal copulation, in violation

14  of Sections 2423 of Title 18 of the United States Code.

15         14.  White's acts of traveling in foreign commerce for the purpose

16  of engaging in illicit sexual conduct with Alcaraz, a minor, as described herein,

17  constitute travel for the purpose of engaging in illicit sexual activity with a

18  minor proscribed by Section 2423(b) of Title 18 of the United States Code.

19         15.  White's act of traveling in foreign commerce and engaging in

20  illicit sexual conduct with Alcaraz, a minor, as described herein, constitute

21  travel for the purpose of engaging in illicit sexual activity with a minor

22  proscribed by Section 2423( c) of Title 18 of the United States Code.

23         16.  At no time did Plaintiff Alcazar consent, or have the ability to

24  consent, to any of the acts of White alleged herein.

25         17.   As a direct and proximate result of White's acts as alleged

26  herein, Plaintiff Alcazar was hurt and injured in his health, strength and

27  activity, sustaining shock and injury to his nervous system, all of which have

28  caused and continue to cause Plaintiff great mental pain, embarrassment,

AMENDED COMPLAINT            -4-

1   humiliation, distress, anguish and suffering, all to Alcazar's damage in an

2   amount according to proof at trial.

3       18.   As a further direct and proximate result of White's acts as

4   alleged herein, Plaintiff Alcazar has been damaged in that he has been required

5   to expend money and incur obligations for medical services required in the

6   treatment and relief of the injuries herein alleged.

7       19.    Plaintiff Alcazar is deemed to have suffered damages of no

8   less than $150,000 in value under 18 U.S.C. § 2255(a).

9       20.   White engaged in the conduct alleged above with malice,

10  fraud, oppression and/or in conscious disregard for the rights of Plaintiff

11  Alcazar.   Alcazar is therefore entitled to an award of exemplary and punitive

12  damages.

13      21.   Plaintiff Alcazar is entitled to an award of costs of suit,

14  including reasonable attorneys' fees, under 18 U.S.C. § 2255(a).

15      WHEREFORE, Plaintiff Alcazar prays for judgment as set forth

16  below.

17                      **COUNT TWO**

18                      **Alcazar vs. White**

19          **Production and Distribution of Child Pornography**

20      22.  Plaintiff Alcaraz refers to and incorporates by reference each

21  and every allegation contained in paragraphs 1 through 21 of this Complaint as

22  though fully set forth and pleaded herein.

23      23   On numerous occasions beginning in or about 1996, White

24  and his associates videotaped Plaintiff Alcazar engaging in sexually explicit

25  conduct with White and others.   White knew or had reason to know that such

26  visual depiction of sexually explicit conduct of a minor would be transported in

27  interstate or foreign commerce or mailed.

28      24.   White's production and distribution of child pornography,

AMENDED COMPLAINT              -5-

1   described herein, constitutes child sexual exploitation proscribed by Sections

2   2251 *et seq.* of Title 18 of the United States Code.

3         25.   Plaintiff Alcazar is informed and believes, and thereon

4   alleges, that White distributed copies of the child pornography containing the

5   images of Plaintiff Alcazar to White's numerous friends and acquaintances in

6   the United States and further posted the child pornography containing the

7   images of Plaintiff Alcazar on the internet.   Plaintiff Alcazar is further informed

8   and believes, and thereon alleges, that copies of the child pornography

9   containing the images of Plaintiff Alcazar posted by White on the internet are

10  still on the internet and are still being downloaded by numerous individuals in

11  the United States.

12        26.  As a direct and proximate result of White's acts as alleged

13  herein, Plaintiff Alcazar was hurt and injured in his health, strength and

14  activity, sustaining shock and injury to his nervous system, all of which have

15  caused and continue to cause Plaintiff great mental pain, embarrassment,

16  humiliation, distress, anguish and suffering, all to Alcazar's damage in an

17  amount in excess of the minimum subject matter jurisdiction of this court and

18  according to proof at trial.

19        27.  As a further direct and proximate result of White's acts as

20  alleged herein, Plaintiff Alcazar has been damaged in that he has been required

21  to expend money and incur obligations for medical services required in the

22  treatment and relief of the injuries herein alleged.

23        28.   Alcazar is deemed to have suffered damages of no less than

24  $150,000 in value under 18 U.S.C. § 2255(a).

25        29.   White engaged in the conduct alleged above with malice,

26  fraud, oppression and/or in conscious disregard for the rights of Plaintiff

27  Alcazar.   Alcazar is therefore entitled to an award of exemplary and punitive

28  damages.

AMENDED COMPLAINT          -6-

1    30.   Plaintiff Alcazar is entitled to an award of costs of suit,

2    including reasonable attorneys' fees, under 18 U.S.C. § 2255(a).

3         WHEREFORE, Plaintiff Alcazar prays for judgment as set forth

4    below.

5                          **COUNT THREE**

6                        **Arechiga vs. White**

7                        **Child Sex Tourism**

8    31.   Plaintiff Arechiga refers to and incorporates by reference each

9    and every allegation contained in paragraphs 1 through 8 of this Complaint as

10   though fully set forth and pleaded herein.

11   32.   At least as early as 1995, White began traveling in foreign

12   commerce from San Francisco to Puerto Vallarta, Mexico for the purpose of

13   engaging in illicit sexual conduct with minors, including Plaintiff Arechiga, in

14   violation of 18 U.S.C. § 2423(b).   Once White arrived in Puerto Vallarta, he

15   would procure underage boys along the beach in Puerto Vallarta, take them to

16   his condominium in Puerto Vallarta or to his villa known as the "Casa Blanca"

17   south of Puerto Vallarta, give the young boys food, money and drugs, and

18   sexually abuse them in violation of 18 U.S.C. § 2423(b) and ( c).

19   33.   White first met Plaintiff Arechiga when Arechiga was surfing

20   with several of his friends at the beach near the Casa Blanca in approximately

21   1997.  At that time, Plaintiff Alcazar was 12 years old.   White told Arechiga

22   and his friends to come inside the Casa Blanca if they wanted food.    Arechiga

23   went inside the Casa Blanca at White's invitation.    Once inside, White told

24   Arechiga that he had to disrobe since clothing was not permitted at the Casa

25   Blanca.   Arechiga complied with White's request and disrobed.    Arechiga

26   then went into the swimming pool with another local boy, White and White's

27   assistant Nathan Lovaas.    White told Arechiga he would give him 200 Pesos if

28   White could orally copulate Arechiga.    White then took Arechiga to his

AMENDED COMPLAINT          -7-

1  bedroom where White orally copulated Arechiga in violation of Section 2423 of

2  Title 18 of the United States Code.

3         34.    Over the course of the next few years, Lovaas, White's

4  personal assistant, would search for homeless children in Puerto Vallarta.

5  Lovaas would then bring the homeless children, including Plaintiff, to White's

6  residence, the Casa Blanca, to provide White with the opportunity to sexually

7  molest the children, including Plaintiff Arechiga.    On multiple occasions after

8  the first incident in approximately 1997, White required Plaintiff Arechiga to

9  engage in sexual acts with him, including oral and anal copulation, in violation

10  of Sections 2423 of Title 18 of the United States Code.

11         35.    White's acts of traveling in foreign commerce for the purpose

12  of engaging in illicit sexual conduct with Arechiga, a minor, as described

13  herein, constitute travel for the purpose of engaging in illicit sexual activity

14  with a minor proscribed by Section 2423(b) of Title 18 of the United States

15  Code.

16         36.    White's act of traveling in foreign commerce and engaging in

17  illicit sexual conduct with Arechiga, a minor, as described herein, constitute

18  travel for the purpose of engaging in illicit sexual activity with a minor

19  proscribed by Section 2423( c) of Title 18 of the United States Code.

20         37.    At no time did Plaintiff Arechiga consent, or have the ability to

21  consent, to any of the acts of White alleged herein.

22         38.    As a direct and proximate result of White's acts as alleged

23  herein, Plaintiff Arechiga was hurt and injured in his health, strength and

24  activity, sustaining shock and injury to his nervous system, all of which have

25  caused and continue to cause Plaintiff great mental pain, embarrassment,

26  humiliation, distress, anguish and suffering, all to Arechiga's damage in an

27  amount according to proof at trial.

28         39.    As a further direct and proximate result of White's acts as

AMENDED COMPLAINT              -8-

1  alleged herein, Plaintiff Arechiga has been damaged in that he has been

2  required to expend money and incur obligations for medical services required

3  in the treatment and relief of the injuries herein alleged.

4       40.    Plaintiff Arechiga is deemed to have suffered damages of no

5  less than $150,000 in value under 18 U.S.C. § 2255(a).

6       41.    White engaged in the conduct alleged above with malice,

7  fraud, oppression and/or in conscious disregard for the rights of Plaintiff

8  Arechiga.   Arechiga is therefore entitled to an award of exemplary and punitive

9  damages.

10      42.    Plaintiff Arechiga is entitled to an award of costs of suit,

11  including reasonable attorneys' fees, under 18 U.S.C. § 2255(a).

12      WHEREFORE, Plaintiff Arechiga prays for judgment as set forth

13  below.

14                        **COUNT FOUR**

15                       **Arechiga vs. White**

16       **Production and Distribution of Child Pornography**

17      43.    Plaintiff Arechiga refers to and incorporates by reference each

18  and every allegation contained in paragraphs 1 through 8 and paragraphs 31

19  through 42 of this Complaint as though fully set forth and pleaded herein.

20      44.    On numerous occasions beginning in or about 1997, White

21  and his associates videotaped Plaintiff Arechiga engaging in sexually explicit

22  conduct with White and others.   White knew or had reason to know that such

23  visual depiction of sexually explicit conduct of a minor would be transported in

24  interstate or foreign commerce or mailed.

25      45. White's production and distribution of child pornography,

26  described herein, constitutes child sexual exploitation proscribed by Sections

27  2251 *et seq.* of Title 18 of the United States Code.

28      46.    Plaintiff Arechiga is informed and believes, and thereon

AMENDED COMPLAINT                -9-

1  alleges, that White distributed copies of the child pornography containing the

2  images of Plaintiff Arechiga to White's numerous friends and acquaintances in

3  the United States and further posted the child pornography containing the

4  images of Plaintiff Arechiga on the internet.   Plaintiff Arechiga is further

5  informed and believes, and thereon alleges, that copies of the child

6  pornography containing the images of Plaintiff Arechiga posted by White on the

7  internet are still on the internet and are still being downloaded by numerous

8  individuals in the United States.

9       47.  As a direct and proximate result of White's acts as alleged

10  herein, Plaintiff Arechiga was hurt and injured in his health, strength and

11  activity, sustaining shock and injury to his nervous system, all of which have

12  caused and continue to cause Plaintiff great mental pain, embarrassment,

13  humiliation, distress, anguish and suffering, all to Arechiga's damage in an

14  amount in excess of the minimum subject matter jurisdiction of this court and

15  according to proof at trial.

16       48.  As a further direct and proximate result of White's acts as

17  alleged herein, Plaintiff Arechiga has been damaged in that he has been

18  required to expend money and incur obligations for medical services required

19  in the treatment and relief of the injuries herein alleged.

20       49.   Plaintiff Arechiga is deemed to have suffered damages of no

21  less than $150,000 in value under 18 U.S.C. § 2255(a).

22       50.  White engaged in the conduct alleged above with malice,

23  fraud, oppression and/or in conscious disregard for the rights of Plaintiff

24  Arechiga.   Plaintiff Arechiga is therefore entitled to an award of exemplary and

25  punitive damages.

26       51.  Plaintiff Arechiga is entitled to an award of costs of suit,

27  including reasonable attorneys' fees, under 18 U.S.C. § 2255(a).

28       WHEREFORE, Plaintiff Arechiga prays for judgment as set forth

AMENDED COMPLAINT              -10-

1   below.

2                               **COUNT FIVE**

3                             **Hernandez vs. White**

4                           **Child Sex Tourism**

5          52.  Plaintiff Hernandez refers to and incorporates by reference

6   each and every allegation contained in paragraphs 1 through 8 of this

7   Complaint as though fully set forth and pleaded herein.

8          53.   At least as early as 1995, White began traveling in foreign

9   commerce from San Francisco to Puerto Vallarta, Mexico for the purpose of

10  engaging in illicit sexual conduct with minors, including Plaintiff Hernandez, in

11  violation of 18 U.S.C. § 2423(b).    Once White arrived in Puerto Vallarta, he

12  would procure underage  boys along the beach in Puerto Vallarta, take them to

13  his condominium in Puerto Vallarta or to his villa known as the "Casa Blanca"

14  south of Puerto Vallarta, give the young boys food, money and drugs, and

15  sexually abuse them in violation of 18 U.S.C. § 2423(b) and ( c).

16         54.  White first met Plaintiff Hernandez in front of Carlos O'Brien's

17  Bar along the Malecon in Puerto Vallarta in approximately 1996.   At that time,

18  Plaintiff Hernandez was 10 years old.  White was inside the bar drinking and

19  Hernandez was on the street selling roses.   White came outside to talk to

20  Hernandez.    White asked Hernandez how old he was and Hernandez told him

21  he was 10 years old.   White then took Plaintiff Hernandez to the Casa Blanca.

22  Once inside, White told Hernandez that he had to disrobe since clothing was

23  not permitted at the Casa Blanca.    Hernandez complied with White's request

24  and disrobed.    After Hernandez disrobed at White's request, White began

25  taking pictures of Hernandez.    White then took Hernandez to his bedroom and

26  put pornography on the television to sexually arouse Hernandez. White then

27  orally copulated Hernandez in violation of Section 2423 of Title 18 of the United

28  States Code.   After White orally copulated Hernandez, White gave Hernandez

AMENDED COMPLAINT            -11-

1  800 Pesos and Hernandez left the Casa Blanca.

2      55.   Over the course of the next few years, Lovaas, White's

3  personal assistant, would search for homeless children in Puerto Vallarta.

4  Lovaas would then bring the homeless children, including Plaintiff Hernandez,

5  to White's residence, the Casa Blanca, to provide White with the opportunity to

6  sexually molest the children, including Plaintiff Hernandez.   On multiple

7  occasions after the first incident in approximately 1996, White required

8  Plaintiff Hernandez to engage in sexual acts with him, including oral and anal

9  copulation, in violation of Sections 2423 of Title 18 of the United States Code.

10      56.   Plaintiff Hernandez is informed and believes, and thereon

11  alleges, that White left Puerto Vallarta in or about May of 2002 in order to

12  avoid being arrested by the Mexican authorities on multiple charges of child

13  rape.   White relocated to his house near the Thai beach town of Pattaya south

14  of Bangkok where he was living with his assistant Nathan Lovaas and a group

15  of underage local boys.   On February 13, 2003 White was arrested by the

16  Thai authorities in Bangkok at the request of the Mexican authorities.   After

17  White was arrested, White fought the extradition request of the Mexican

18  government for over two years.   Plaintiff Hernandez is informed and believes,

19  and thereon alleges, that on or about July 31, 2005, White was turned over to

20  the Mexican authorities and transported to Mexico to stand trial on charges of

21  child rape arising from his activities at the Casa Blanca.   Since approximately

22  August 1, 2005, White has been held at the Jalisco state prison in Ixtapa, a

23  small town near Puerto Vallarta.

24      57.   Plaintiff Hernandez next saw White in September of 2005

25  when Hernandez was 17 years old.   On September 29, 2005, Hernandez was

26  incarcerated in the adult facility in Ixtapa, the same prison where White has

27  been held since August 1, 2005.   At that time, Hernandez did not have

28  identification to prove to the authorities that he was still a minor.   The

AMENDED COMPLAINT          -12-

1  authorities incarcerated Hernandez, a minor, in the adult facility in Ixtapa by

2  mistake.  Within a few days after Hernandez arrived at the prison, White

3  approached Hernandez.    White told Hernandez that he, White, was powerful

4  and had a lot money and that if  Hernandez did not have sex with him again

5  that White would have his people inside the prison hurt Hernandez.    White

6  then forced Hernandez to engage in sexual acts with him, including oral and

7  anal copulation, in violation of Sections 2423 of Title 18 of the United States

8  Code.

9          58.   After White raped Hernandez in the prison, the prison officials

10  were provided with a copy of Hernandez's birth certificate demonstrating that

11  he was still a minor.    Hernandez was then transferred by the prison officials

12  to a juvenile detention facility.

13          59.   White's acts of traveling in foreign commerce for the purpose

14  of engaging in illicit sexual conduct with Hernandez, a minor, as described

15  herein, constitute travel for the purpose of engaging in illicit sexual activity

16  with a minor proscribed by Section 2423(b) of Title 18 of the United States

17  Code.

18          60.   White's act of traveling in foreign commerce and engaging in

19  illicit sexual conduct with Hernandez, a minor, as described herein, constitute

20  travel for the purpose of engaging in illicit sexual activity with a minor

21  proscribed by Section 2423( c) of Title 18 of the United States Code.

22          61.  At no time did Plaintiff Hernandez consent, or have the ability

23  to consent, to any of the acts of White alleged herein.

24          62.    As a direct and proximate result of White's acts as alleged

25  herein, Plaintiff Hernandez was hurt and injured in his health, strength and

26  activity, sustaining shock and injury to his nervous system, all of which have

27  caused and continue to cause Plaintiff great mental pain, embarrassment,

28  humiliation, distress, anguish and suffering, all to Hernandez's damage in an

AMENDED COMPLAINT          -13-

1   amount according to proof at trial.

2       63.  As a further direct and proximate result of White's acts as

3   alleged herein, Plaintiff Hernandez has been damaged in that he has been

4   required to expend money and incur obligations for medical services required

5   in the treatment and relief of the injuries herein alleged.

6       64.   Plaintiff Hernandez is deemed to have suffered damages of no

7   less than $150,000 in value under 18 U.S.C. § 2255(a).

8       65.   White engaged in the conduct alleged above with malice,

9   fraud, oppression and/or in conscious disregard for the rights of Plaintiff

10  Hernandez.   Hernandez is therefore entitled to an award of exemplary and

11  punitive damages.

12      66.  Plaintiff Hernandez is entitled to an award of costs of suit,

13  including reasonable attorneys' fees, under 18 U.S.C. § 2255(a).

14      WHEREFORE, Plaintiff Hernandez prays for judgment as set forth

15  below.

16                          **COUNT SIX**

17                       **Hernandez vs. White**

18       **Production and Distribution of Child Pornography**

19      67.  Plaintiff Hernandez refers to and incorporates by reference

20  each and every allegation contained in paragraphs 1 through 8 and paragraphs

21  52 through 66 of this Complaint as though fully set forth and pleaded herein.

22      68.   On numerous occasions beginning in or about 1996, White

23  and his associates videotaped Plaintiff Hernandez engaging in sexually explicit

24  conduct with White and others.   White knew or had reason to know that such

25  visual depiction of sexually explicit conduct of a minor would be transported in

26  interstate or foreign commerce or mailed.

27      69. White's production and distribution of child pornography,

28  described herein, constitutes child sexual exploitation proscribed by Sections

AMENDED COMPLAINT          -14-

1   2251 *et seq.* of Title 18 of the United States Code.

2       70.   Plaintiff Hernandez is informed and believes, and thereon

3   alleges, that White distributed copies of the child pornography containing the

4   images of Plaintiff Hernandez to White's numerous friends and acquaintances

5   in the United States and further posted the child pornography containing the

6   images of Plaintiff Hernandez on the internet.   Plaintiff Hernandez is further

7   informed and believes, and thereon alleges, that copies of the child

8   pornography containing the images of Plaintiff Hernandez posted by White on

9   the internet are still on the internet and are still being downloaded by

10  numerous individuals in the United States.

11      71.   As a direct and proximate result of White's acts as alleged

12  herein, Plaintiff Hernandez was hurt and injured in his health, strength and

13  activity, sustaining shock and injury to his nervous system, all of which have

14  caused and continue to cause Plaintiff great mental pain, embarrassment,

15  humiliation, distress, anguish and suffering, all to Hernandez's damage in an

16  amount in excess of the minimum subject matter jurisdiction of this court and

17  according to proof at trial.

18      72.   As a further direct and proximate result of White's acts as

19  alleged herein, Plaintiff Hernandez has been damaged in that he has been

20  required to expend money and incur obligations for medical services required

21  in the treatment and relief of the injuries herein alleged.

22      73.   Plaintiff Hernandez is deemed to have suffered damages of no

23  less than $150,000 in value under 18 U.S.C. § 2255(a).

24      74.   White engaged in the conduct alleged above with malice,

25  fraud, oppression and/or in conscious disregard for the rights of Plaintiff

26  Hernandez.   Plaintiff Hernandez is therefore entitled to an award of exemplary

27  and punitive damages.

28      75.   Plaintiff Hernandez is entitled to an award of costs of suit,

AMENDED COMPLAINT          -15-

1   including reasonable attorneys' fees, under 18 U.S.C. § 2255(a).

2       WHEREFORE, Plaintiff Hernandez prays for judgment as set forth

3   below.

4                          **COUNT SEVEN**

5                          **Orozco vs. White**

6                        **Child Sex Tourism**

7       76.  Plaintiff Orozco refers to and incorporates by reference each

8   and every allegation contained in paragraphs 1 through 8 of this Complaint as

9   though fully set forth and pleaded herein.

10      77.   At least as early as 1995, White began traveling in foreign

11  commerce from San Francisco to Puerto Vallarta, Mexico for the purpose of

12  engaging in illicit sexual conduct with minors, including Plaintiff Orozco, in

13  violation of 18 U.S.C. § 2423(b).    Once White arrived in Puerto Vallarta, he

14  would procure underage  boys along the beach in Puerto Vallarta, take them to

15  his condominium in Puerto Vallarta or to his villa known as the "Casa Blanca"

16  south of Puerto Vallarta, give the young boys food, money and drugs, and

17  sexually abuse them in violation of 18 U.S.C. § 2423(b) and ( c).

18      78.   White first met Plaintiff Orozco near the Muertos pier in Puerto

19  Vallarta in the summer of 2000.   At that time, Plaintiff Orozco was 12 years

20  old.   Orozco was walking along the beach with his twin brother.   White

21  approached the two boys and began talking to them, asking them about their

22  parents.   Orozco told White that he was in Puerto Vallarta only with his

23  mother since his father had recently died.   White continued to ask Orozco

24  questions while his brother began making sand castles at the beach.   White

25  then invited Orozco and his brother to his house, telling him that he had a

26  swimming pool.   After Orozco told White that he needed to ask his mother for

27  permission, White told him not to worry since he, White, knew his mother's

28  employer and it would be alright.   White then took Orozco and his brother to

AMENDED COMPLAINT          -16-

1   the Casa Blanca.

2       79.   Once inside the Casa Blanca, Orozco and his brother went

3   into the swimming pool.    White joined the two boys in the swimming pool and

4   began to rub sun screen on Orozco.    White then masturbated Orozco in the

5   swimming pool.

6       80.    After White exited the pool, White began taking pictures of

7   Orozco.    White then took Orozco to his bedroom and put pornography on the

8   television to sexually arouse Orozco.   White then orally copulated Orozco in

9   violation of Section 2423 of Title 18 of the United States Code.    After White

10  orally copulated Orozco, Orozco became frightened and telephoned his mother.

11  Orozco's mother told Orozco to take a taxi to meet her at the Malecon.    Orozco

12  then took his brother and left the Casa Blanca.

13      81.   White's acts of traveling in foreign commerce for the purpose

14  of engaging in illicit sexual conduct with Orozco, a minor, as described herein,

15  constitute travel for the purpose of engaging in illicit sexual activity with a

16  minor proscribed by Section 2423(b) of Title 18 of the United States Code.

17      82.   White's act of traveling in foreign commerce and engaging in

18  illicit sexual conduct with Orozco, a minor, as described herein, constitute

19  travel for the purpose of engaging in illicit sexual activity with a minor

20  proscribed by Section 2423( c) of Title 18 of the United States Code.

21      83.   At no time did Plaintiff Orozco consent, or have the ability to

22  consent, to any of the acts of White alleged herein.

23      84.    As a direct and proximate result of White's acts as alleged

24  herein, Plaintiff Orozco was hurt and injured in his health, strength and

25  activity, sustaining shock and injury to his nervous system, all of which have

26  caused and continue to cause Plaintiff great mental pain, embarrassment,

27  humiliation, distress, anguish and suffering, all to Orozco's damage in an

28  amount according to proof at trial.

AMENDED COMPLAINT          -17-

85.  As a further direct and proximate result of White's acts as alleged herein, Plaintiff Orozco has been damaged in that he has been required to expend money and incur obligations for medical services required in the treatment and relief of the injuries herein alleged.

86.   Plaintiff Orozco is deemed to have suffered damages of no less than $150,000 in value under 18 U.S.C. § 2255(a).

87.  White engaged in the conduct alleged above with malice, fraud, oppression and/or in conscious disregard for the rights of Plaintiff Orozco.   Orozco is therefore entitled to an award of exemplary and punitive damages.

88.  Plaintiff Orozco is entitled to an award of costs of suit, including reasonable attorneys' fees, under 18 U.S.C. § 2255(a).

WHEREFORE, Plaintiff Orozco prays for judgment as set forth below.

### COUNT EIGHT

### Orozco vs. White

### Production and Distribution of Child Pornography

89.  Plaintiff Orozco refers to and incorporates by reference each and every allegation contained in paragraphs 1 through 8 and paragraphs 76 through 88 of this Complaint as though fully set forth and pleaded herein.

90.   At the time Plaintiff Orozco was at the Casa Blanca in the summer of 2000, White videotaped Plaintiff Orozco engaging in sexually explicit conduct with White.   White knew or had reason to know that such visual depiction of sexually explicit conduct of a minor would be transported in interstate or foreign commerce or mailed.

91. White's production and distribution of child pornography, described herein, constitutes child sexual exploitation proscribed by Sections 2251 *et seq.* of Title 18 of the United States Code.

AMENDED COMPLAINT             -18-

1          92.     Plaintiff Orozco is informed and believes, and thereon

2    alleges, that White distributed copies of the child pornography containing the

3    images of Plaintiff Orozco to White's numerous friends and acquaintances in

4    the United States and further posted the child pornography containing the

5    images of Plaintiff Orozco on the internet.   Plaintiff Orozco is further informed

6    and believes, and thereon alleges, that copies of the child pornography

7    containing the images of Plaintiff Orozco posted by White on the internet are

8    still on the internet and are still being downloaded by numerous individuals in

9    the United States.

10          93.  As a direct and proximate result of White's acts as alleged

11   herein, Plaintiff Orozco was hurt and injured in his health, strength and

12   activity, sustaining shock and injury to his nervous system, all of which have

13   caused and continue to cause Plaintiff great mental pain, embarrassment,

14   humiliation, distress, anguish and suffering, all to Orozco's damage in an

15   amount in excess of the minimum subject matter jurisdiction of this court and

16   according to proof at trial.

17          94.  As a further direct and proximate result of White's acts as

18   alleged herein, Plaintiff Orozco has been damaged in that he has been required

19   to expend money and incur obligations for medical services required in the

20   treatment and relief of the injuries herein alleged.

21          95.     Plaintiff Orozco is deemed to have suffered damages of no

22   less than $150,000 in value under 18 U.S.C. § 2255(a).

23          96.   White engaged in the conduct alleged above with malice,

24   fraud, oppression and/or in conscious disregard for the rights of Plaintiff

25   Orozco.   Plaintiff Orozco is therefore entitled to an award of exemplary and

26   punitive damages.

27          97.  Plaintiff Orozco is entitled to an award of costs of suit,

28   including reasonable attorneys' fees, under 18 U.S.C. § 2255(a).

AMENDED COMPLAINT            -19-

1    WHEREFORE, Plaintiff Orozco prays for judgment as set forth

2  below.

3                          **PRAYER FOR RELIEF**

4    WHEREFORE, Plaintiffs Alcazar, Arechiga, Hernandez and Orozco

5  pray for judgment against White as follows:

6    1.    For statutory damages in an amount to be proved at trial but

7  no less than $150,000 for each Plaintiff for White's violation of 18 U.S.C. §

8  2423.

9    2.    For statutory damages in an amount to be proved at trial but

10  no less than $150,000 for each Plaintiff for White's violation of 18 U.S.C. §

11  2251.

12    3.    For general damages in an amount to be proved at trial.

13    4.    For medical and related expenses in an amount to be proved

14  at trial.

15    5.    For exemplary and punitive damages.

16    6.    For costs of suit, including reasonable attorneys' fees,

17  pursuant to 18 U.S.C. § 2255(a).

18    7.    For such other and further relief as the court may

19  deem just and proper.

20  Dated: May 7, 2007.          LAW OFFICES OF DAVID REPLOGLE
                                 A Professional Corporation

21

22                                   /S/

23                             _____
                               By, David Replogle
24                             Attorneys for Plaintiffs

25

26

27

28

AMENDED COMPLAINT          -20-

1

**DEMAND FOR JURY TRIAL**

2

Plaintiffs hereby demand a trial by jury.

3

Dated: May 7, 2007.                    LAW OFFICES OF DAVID REPLOGLE
                                       A Professional Corporation

4

5                                                /S/

6
                                       _____
7                                      By, David Replogle
                                       Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED COMPLAINT                    -21-

1

## **PROOF OF ELECTRONIC SERVICE**

2

        I declare under penalty of perjury that the foregoing is true and correct:

3

4

        I am a citizen of the United States over the age of eighteen years, employed in the City and County of San Francisco, California, and not a party to the within entitled cause;  my business address is 550 Montgomery Street, Suite 550, San Francisco, California.

5

6

        On May 7, 2007 I served the following:

7

### **AMENDED COMPLAINT**

8

9

on the interested party(ies) in said cause, by causing an electronic delivery subject to 28 U.S.C. § 1746, Local Rules or General Orders of this Court regarding Electronic Case Filing addressed as follows:

10

11

    Geoffrey Rotwein                 Attorneys for Defendant
    400 Montgomery St., Ste. 200    Thomas F. White
    San Francisco, CA 94104

12

    E-mail: geoffrottwein@sbcglobal.net

13

        I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on May 7, 2007 at San Francisco, California.

14

15

                               /S/

16

                         _____

17

                         DAVID REPLOGLE

18

19

20

21

22

23

24

25

26

27

28

AMENDED COMPLAINT          -22-