IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL HILARIO ALCARAZ MARTINEZ, et al.,<br><br>  Plaintiffs,<br><br> v.<br><br>THOMAS F. WHITE,<br><br>  Defendant.<br>_____ / | No. C 06-1595 CRB |
| JOSE LUIS LUNA TRUJILLO, et al.,<br><br>  Plaintiffs<br><br> v.<br><br>THOMAS F. WHITE,<br><br>  Defendant.<br>_____ / | No. C 06-2322 CRB<br><br><br><br><br><br>**MEMORANDUM AND ORDER** |

  This action arises under the Protection of Children Against Sexual Exploitation Act of 1977, 18 U.S.C. section 2251 and the White Slave Traffic Act, 18 U.S.C. section 2421. Plaintiffs are citizens and residents of Mexico and defendant Thomas White, a United States citizen, is currently incarcerated in Mexico after a conviction for conduct similar to the allegations in these lawsuits. Now pending before the Court is defendant's motion to dismiss the claims against him in these related actions on the ground of forum non conveniens. After

carefully considering the parties' papers, and defendant's unobjected to November 2006 stipulation, the Court concludes that this action should be brought in Mexico, where all the relevant conduct occurred and where all the parties and witnesses reside.

## BACKGROUND

Plaintiffs allege that defendant traveled to Mexico, where he owned a home, and engaged in unlawful sexual activity with minors. Plaintiffs, who contend that they are victims of defendant's sexual conduct, are Mexican citizens and reside in Mexico; indeed, there is no evidence they have ever visited the United States. While defendant is a United States citizen who used to reside in this District, he has not been in the United States for some time. For a couple of years he was incarcerated in Thailand while he challenged Mexico's attempts to extradite him to Mexico to face criminal charges arising from his alleged sexual conduct with Mexican children. He was subsequently extradicted to Mexico, tried, convicted, and sentenced. He is currently incarcerated in a Mexican jail.

## DISCUSSION

"A district court has discretion to decline to exercise jurisdiction in a case where litigation in a foreign forum would be more convenient for the parties." Lueck v. Sundstrand Corp., 236 F.3d 1137, 1142 (9th Cir. 2001). In deciding whether to dismiss for forum non conveniens, the court must consider "(1) whether an adequate alternative forum exists, and (2) whether the balance of private and public interest factors favor dismissal." Id.

**A.     The Application of Forum Non Conveniens**

The initial issue is one of first impression: does the doctrine of forum non conveniens apply to cases brought under 18 U.S.C. section 2255? Plaintiffs argue that because Congress gave foreign victims of child abuse in foreign countries a right of action in a United States federal court, this Court, as a matter of law, cannot dismiss for forum non conveniens.

18 U.S.C. section 2423(b) makes it a federal crime for a person to travel in interstate commerce, to travel into the United States, or for a United States citizen or permanent resident to travel in foreign commerce, for the purpose of engaging in illicit sexual conduct. Section 2423(c) makes it a federal crime for a United States citizen or permanent resident to

travel in foreign commerce and engage in illicit sexual conduct; there is no requirement that the illicit sex be the purpose of the travel. Section (c) was enacted in 2003. Pub. L. No. 108-21, Section 105.

18 U.S.C. section 2255 gives victims of sexual conduct who are minors a private right of action. Specifically minor victims of violations of sections 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 who suffer a personal injury as a result of the violation may sue in "any appropriate United States District Court." 18 U.S.C. § 2255(a). Thus, the private right of action applies primarily to actions brought by victims who reside in the United States. Only section 2423, and then only a part of section 2423, gives a private right of action to foreign minors injured in foreign countries; the remaining actions address injuries sustained in the United States or its territories. Congress added section 2423 to section 2255 in 1998. Pub. L. No. 105-14 (1998).

Plaintiffs argue that because Congress created a private right of action for foreign victims of illicit sexual conduct in foreign countries, the equitable doctrine of forum non conveniens does not apply. They contend that if it were to apply, no foreign victims would ever be able to pursue their claims in federal court because, by definition, the bulk, if not all of the witnesses and evidence, will be in the foreign country where the abuse occurred. They argue further that when Congress added section 2423 to section 2255's private right of action Congress was well aware of the doctrine of forum non conveniens and therefore it must have intended for the doctrine not to apply. No court appears to have addressed this question; indeed, the Court has only located one section 2255 case, and that case involved parties in the United States.

The Court is not persuaded by plaintiffs' argument. The argument assumes that if the Court were to hold that the doctrine of forum non conveniens applies, it will *always* operate to dismiss the claims of the foreign plaintiffs. This assumption is wrong. First, the doctrine applies only if the defendant shows that an alternative forum exists. Second, the court must then balance private and public factors. In many cases, that balance may lead to leaving the case in the United States, especially because in most cases the defendant or defendants will

3

be located in the district where the action is brought. For example, in Roe v. White, 03-4035 CRB, a case before this Court involving the same defendant (and the same counsel), the Court denied the forum non conveniens motion because two defendants were located in the United States and the moving defendant (the defendant here), was not residing in the country where he was arguing the case should be brought (Mexico); rather, he was in Thailand resisting extradition to Mexico.

Moreover, plaintiffs' argument that Congress was aware of the doctrine of forum non conveniens when it added section 2423 to the private right of action cuts the other way; if Congress had intended to abrogate the doctrine for such cases it could have said so. Plaintiffs point to nothing in the statute or the legislative history that suggests that Congress had such an intent. They also do not point to a single case in which a court has held that the doctrine does not apply as a matter of law to certain types of cases.

While plaintiffs do not cite any case in which a court has held that the doctrine does not apply, the Court's own research reveals that the Ninth Circuit has held that the doctrine of forum non conveniens is inapplicable to Jones Act and FELA cases because each Act contains a mandatory venue provision. See Creative Technology, Ltd. v. Aztech System PTE, LTD., 61 F.3d 696, 700 (9th Cir. 1995). The inapplicability of forum non conveniens in these cases "is based on a privilege of venue, granted by the legislative body which created this right of action." Id. at 700. The "court must ascertain if there is anything about the specific federal statute which indicates that Congress implicitly spoke to, and rejected, the application of *forum non conveniens* doctrine to a suit thereunder." Id. (internal quotation marks and citation omitted). The Jones Act provides that jurisdiction "shall be under the court of the district in which the defendant employers resides or in which his principal office is located." Id. at 700 n.1 (citing 46 U.S.C. App. § 688(a)(1988)). FELA also has a specific venue provision: an action may be brought in "the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." Id. at 700 n.2 (citing 45 U.S.C. § 56 (1988)).

No such specific venue provision is present here. The Act merely provides a cause of

action for damages in "any appropriate United States District Court." 18 U.S.C. § 2255(a). It does not mandate venue in any particular district, as do the Jones Act and FELA. In Creative Technology, for example, the plaintiff argued that forum non conveniens does not apply to actions under the Copyright Act because the Act provides for exclusive jurisdiction in the federal courts over the state courts. The Ninth Circuit held that forum non conveniens still applied because the Copyright Act merely states that the United States district courts shall have exclusive jurisdiction, it does not mandate venue in any particular district. 61 F.3d at 700.

The district court reached a similar conclusion in In re Air Crash Over Taiwan Strait on May 25, 2002, 331 F.Supp.2d 1176 (C.D. Cal. 2004). The foreign plaintiffs brought suit in the United States under the Death on the High Seas Act ("DOHSA"). DOHSA, unlike the Jones Act and FELA, does not contain a mandatory venue provision; instead it merely provides that a plaintiff may maintain a suit for damages in the district courts. The court held that it could therefore apply the doctrine of forum non conveniens. Id. at 1207.

Plaintiffs do not point to anything else in the statute that would suggest that Congress intended to reject the application of the doctrine to suits under section 2255 that are brought for violations of section 2423. Indeed, the language of section 2255(a)--"may sue in any *appropriate* United States District Court"--suggests that Congress specifically delegated to the courts the decision whether a particular venue is appropriate.

### A. Adequate Alternative Forum

"The defendant bears the burden of proving the existence of an adequate alternative forum." Leuck, 236 F.3d at 1143 (quoting Cheng v. Boeing Co., 708 F.2d 1406, 1411 (9th Cir. 1983)). "[A]n alternative forum ordinarily exists when the defendant is amenable to service of process in the foreign forum." Id. A foreign country is not an inadequate forum merely because its laws offer[] the plaintiff a lesser remedy than he could expect to receive in the United States court system." Id. at 1143-45.

White offers evidence that these plaintiffs have an alternative remedy in Mexico, the country where they reside, where he currently resides, and where the incidents at issue

5

occurred. First, he offers evidence that he is subject to service of process in Mexico. Moreover, he has stipulated to accept service of any summons and complaint these plaintiffs file against him in Mexico arising from the same claims asserted in this lawsuit. Second, he offers evidence in the form of a declaration from White's Mexican criminal defense attorney that plaintiffs have a right to file an action for "moral damages" under the Civil Code of Jalicso. Plaintiffs do not dispute this evidence or otherwise contend that they do not have an adequate alternative forum in Mexico.

### B.     The Balance of Public and Private Factors

Ordinarily there is a strong presumption in favor of a plaintiff's choice of forum "which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." Piper Aircraft v. Reyno, 454 U.S. 235, 255 (1981). That presumption applies with less force, however, when the plaintiffs are foreign. Id. at 255-56. The Supreme Court has reasoned that when a plaintiff chooses his home forum, "it is reasonable to assume that this choice is convenient. When the plaintiff is foreign, however, this assumption is much less reasonable. Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference." Id. at 256.

#### 1.     Private interest factors

The Court must consider the following private interest factors:

(1) the residence of the parties and witnesses;

(2) the forum's convenience to the litigants;

(3) access to physical evidence and other sources of proof;

(4) whether unwilling witnesses can be compelled to testify;

(5) the cost of bringing witnesses to trial;

(6) the enforceability of the judgment; and

(7) all other practical problems that make trial of a case easy, expeditious and inexpensive.

Lueck, 236 F.3d at 1145.

6

The first five factors all weigh in favor of proceeding in Mexico. <u>All of the parties</u>, including White, are located in Mexico. While White has or at least had, a residence in this District, he has not resided here for several years and it appears will not reside here for at least several more as he is currently serving a sentence in Mexico. Although White is under indictment in this District, there is no evidence in the record from which the Court could find that White will be returned to the United States in the near future, or even ever.

A Mexican forum is more convenient for all of the parties. There is no evidence in the record that any of the plaintiffs has ever been to the United States or even would be permitted to travel to the United States for trial. White's incarceration in Mexico makes trial here extremely inconvenient and prejudicial to him; he will be unable to attend a trial here and will have difficulty assisting in his defense. While he may not be able to attend trial in Mexico, he will be better able to assist in his defense because he will at least be in the same country. Moreover, this Court has no control over the Mexican jails and therefore cannot do anything to ensure that White has access to his attorneys or that plaintiffs are able to take discovery of White.

<u>All of the evidence</u> is in Mexico. And defendant has offered evidence that if the case is tried here defendant may not be able to obtain key evidence in Mexico because this Court has no subpoena power in Mexico. Discovery will all take place in Mexico and involve parties and witnesses that, for the most part, will not speak English. Independent medical exams will have to be conducted in Mexico.

Every trial witness will have to be flown to San Francisco from Mexico, assuming the United States government will even allow such witnesses into the United States. The Court is faced with the specter of many, if not most, witnesses, including defendant, having to testify by video or videotaped deposition. Plaintiffs have made no effort to show that any witnesses or even parties will actually be present in this Court for trial.

As for the sixth factor, the enforceability of the judgment, White has stipulated that he will satisfy any judgment entered against him in Mexico "pursuant to any lawsuit filed against him there by any of the plaintiffs herein for any of the same claims alleged in the

7

Complaint filed herein on February 23, 2006."

The final factor is "other practical considerations." The Court has already heard one lawsuit brought by the same lawyer, similar foreign plaintiffs, and against the same defendant under the same laws. During that lawsuit plaintiffs continuously made allegations about conduct in Mexico that this Court has no ability to evaluate or address. The Court expects that the same types of allegations will be again made if these lawsuits are allowed to continue here. This concern, coupled with the undisputed fact that most witnesses and parties will be unavailable to travel to the United States, and that nearly all documents and testimony will have to be translated, makes this Court an especially inconvenient forum. In sum, the private interest factors all weigh in favor of dismissal.

### 2. The public interest factors

Courts must also consider the following public interest factors:

(1) local interest of lawsuit;

(2) the court's familiarity with governing law;

(3) the burden on local courts and juries;

(4) congestion in the court; and

(5) the costs of resolving a dispute unrelated to this forum.

Lueck, 236 F.3d at 1147.

These factors all weigh in favor of dismissing this action in favor of an action in Mexico. None of the parties currently resides in this District or even this country; while White once resided here, he had not lived here for several years since before these lawsuits were filed. While the people of this forum have an interest in ensuring that one of their former residents compensates the foreign victims of his travel to Mexico, an interest that is demonstrated by the enactment of section 2423 and the criminal indictment in this District against defendant White, the interest in Mexico regarding this case is extremely high. See Piper Aircraft, 454 U.S. at 260 (considering foreign state's interest in subject matter of the lawsuit and stating that "there is a local interest in having localized controversies decided at home"). Mexico extradicted White from Thailand to Mexico to stand trial on criminal

8

charges that are directly related to the allegations of this lawsuit, and White was convicted of at least some of those charges. All of the plaintiffs are from Mexico and currently reside there and defendant himself is currently incarcerated in Mexico. In the related case of <u>Roe v. White</u>, the parties have submitted newspaper articles that demonstrate that the Mexican public has shown great interest in the accusations against White.

The only factor that weighs in favor of hearing this lawsuit in this forum is that Congress provided for venue "in any appropriate United States District Court." 18 U.S.C.§ 2255(a). As is explained above, in the unique circumstances of these related lawsuits, and in light of this Court's experience with the earlier lawsuit filed by plaintiff's counsel against defendant White, this is not an appropriate forum.

## CONCLUSION

For the foregoing reasons, and on the condition that defendant comply with his executed and filed stipulation, these related actions are DISMISSED without prejudice based on forum non conveniens. The dismissal will be stayed for 30 days to give plaintiffs the opportunity to file suit in Mexico.

**IT IS SO ORDERED.**

Dated: June 22, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2006\1595\orderredismiss.wpd        9